## Brackett, Adm'r. *v.* Bartlett.

The indorsement of a writ of a plaintiff, without the jurisdiction, by one living within the State, with words describing himself as the plaintiff's attorney, is the indorsement of the attorney, and not of the plaintiff.

When the plaintiff, in such case, sues as administrator, and afterwards takes out letters of administration, but does not indorse the writ until after the second term, the court will not give him leave to do so.

Trover.   The defendant pleaded the general issue, and filed a brief statement setting forth that the plaintiff was not administrator at the commencement of the suit, and other matters of defence.

The writ was dated March 3, 1846, and the suit was entered at the August term, 1846, of the court of common pleas, and continued from term to term to the January term, 1848.

In the original writ, the plaintiff is described as of the State of Maine, where he has always lived, and still lives, and the writ was indorsed " I. G. Jordan, attorney of the plaintiff."

Letters of administration were duly granted to the plaintiff in this State, July 7, 1846.

The plaintiff, by his attorney, entered and presented said suit to the said January term, but did not indorse the writ at the first or second terms after his appointment as administrator ; nor has it been indorsed at all, except as above stated, when it was first sued out.

It appeared that the plaintiff was interested in the estate of the intestate as an heir at law.

The plaintiff moved in the common pleas to indorse the writ, at the said January term of that court, as of a prior term, but the court being of opinion it could not be done, refused to allow it.

A verdict was taken for the defendant, subject to the opinion of the superior court on the foregoing case.

*Jordan,* for the plaintiff.

*Marston & Eastman,* for the defendant.

Woods, J. The provisions of the Revised Statutes, ch. 161, § 10, derived from an ancient and established practice of courts of chancery, (*Humphreys* v. *Humphreys,* 3 P. W. 349; *Goodrich* v. *Pendleton,* 4 S. C. Rep. 549,) enabled the plain-- tiff, who sued as administrator before having been accredi- ted as such in this State, to prosecute his suit, if, after hav- ing taken out letters, he had, at the first or second term of the court, indorsed the writ; and the question first arising is, whether the writ was indorsed by him. The plaintiff, living out of the State, was not a sufficient indorser at the time the action was commenced, and the indorsement of his name upon the writ was of no effect to bind him, but the attorney who inofficiously placed it there bound himself, and the words " attorney of the plaintiff" are to be taken as merely descriptive. *Woods* v. *Dennett,* 9 N. H. Rep. 55; *Savage* v. *Rix,* 9 N. H. Rep. 263; *Pettengill* v. *McGregor,* 12 N. H. Rep. 179. There having been no indorsement since the commencement of the suit, it is plain that the con- dition on which the statute permits the plaintiff to prose- cute the suit has not been satisfied, unless the liability shifted from the attorney to the plaintiff, by the mere act of the latter in taking letters of administration. For this there is no argument from analogy or otherwise, nor is such a posi- tion assumed.

The other question is upon the motion of the plaintiff for leave to indorse his writ *nunc pro tunc,* and thus to save his action by relation to the time when the indorsement ought to have been made.

But it was held in the case of *Pettengill* v. *McGregor,* that if the writ were not properly indorsed before service, the court will not permit it afterwards to be indorsed with- ,out the consent of the defendant. The principle of that de-

cision seems to be fully applicable to the present case, and to preclude the allowance of the motion.

The statute prescribes as a condition of the administrator's prosecuting a suit begun under the circumstances of the present one, an act by which the defendant may, in all cases, know at an early period with whom he has to contend, and who is to answer the consequences of an ill-founded action. The motion was, therefore, justly disallowed, and there must be

*Judgment on the verdict.*