SCHAFFER, Respondent, *vs.* FALDWESCH, Appellant.

1. In a proceeding under the new code, to recover personal property, the value of the property need not be stated in the petition, if it is stated in the affidavit; nor is the omission of the jury to find the value a fatal error.

*Appeal from St. Louis Law Commissioner's Court.*

*H. N. Dedman,* for respondent.

1. It is not true, as assigned for error, that there is no allegation of value in the respondent's petition.

2. If there were no allegation of value, the defect is cured by the verdict. See Rev. Stat. act to regulate practice at law, article 6, section 7, page 827.

3. As to the regularity of the proceedings on the bond, see New Code of Practice, article 8, section 9.

RYLAND, Judge, delivered the opinion of the court.

This was a proceeding under the practice act of 1849, to recover personal property, a horse, stated in the petition to belong to the plaintiff; and stated in the affidavit attached to the petition, to be worth seventy-five dollars.

The answer denies that the plaintiff found his horse in defendant's stable, or that the plaintiff ever demanded his horse of the defendant, or that the plaintiff's horse ever was in possession of the defendant. A trial was had, and the jury found that the property mentioned in the petition was the property of the plaintiff; and that the plaintiff had sustained one cent damages by the detention of his property.

Judgment was rendered, that "the plaintiff have restitu-

tion of the property mentioned in the petition, to-wit, one bay horse, about seven or eight years old, and about fifteen hands high, and having a mark on the left shoulder, caused by the fistula, and worth seventy-five dollars, and that he recover of the said defendant one cent damages, by the jury, on their verdict, assessed, and also his costs herein expended, and that he have thereof execution."

The plaintiff afterwards gave notice to the defendant, and to the security in his bond, and moved for judgment on the bond against the defendant and his security. This motion was sustained, and judgment rendered against the defendant and his securities on the bond for seventy-five dollars and costs. The defendant afterwards moved to set the judgment aside; his motion was overruled, excepted to, and the defendant brings the case here by appeal.

The only points worthy of our consideration in this case, are the failure of the plaintiff to insert the value of the horse in his petition, and the failure of the jury to find the value of the horse in their verdict; and the rendition of the judgment against the defendant for seventy-five dollars, the value shown in the affidavit.

These questions arise in this case, on account of the new code, which has had the effect, at least, of bringing causes up to this court, at the heavy expense of parties litigant, that, in all probability, never would otherwise have found their way here.

This proceeding contemplates the power of the court to render judgment on the defendant's bond for the return or delivery of the property to the plaintiff, if it be adjudged to the plaintiff. It also requires the affidavit of the plaintiff or some other person for him, to several pre-requisites before the order is made requiring the defendant to deliver the property to the plaintiff. One of these is "the value of the property." In this case, the affidavit states the value. The jury having found the property to belong to the plaintiff, and it not being returned or delivered to him, as required by the order or judgment of

the court, the only thing for the plaintiff next to do, was to move the court for judgment on the bond of the defendant and his security. He gave the notice required and made this motion. The court sustained the motion and gave judgment on the bond for seventy-five dollars. The defendant moved to set this judgment aside, having resisted the motion in the first place.

The ninth section of article eight of the Code of Practice, declares, that " when a bond is taken, as in this article is provided, it shall be returned by the sheriff and filed in court; and if any such bond shall be forfeited, the party aggrieved may proceed thereon, by motion in open court, at any time within one year after the determination of the original suit, against the obligors in such bond." There is nothing said about the judgment on this motion; what it shall be for; whether for the penalty in the bond, or the value of the property as sworn to in the affidavit, or for the value as it may be proved before the court, or whether the court shall direct the jury to find the value, when they find the right to the property. Indeed, there is a failure to point out, and direct what is to be done, on such a motion. " When the bond is forfeited, the party aggrieved may proceed thereon," is all that is laid down on this subject.

In this case, the court found the value of the horse, without a jury. We cannot say it acted illegally in doing so. We cannot say, that the omission in the jury to find the value is an incurable error. We cannot say, that the petition should, under this statute, allege the value. The affidavit must.

From the whole record before us, we incline to think it safest to affirm this judgment. So much is left to be understood, to be done without any manner or mode pointed out in which to do it, that, in such a general omission to specify the manner, we will take it for granted it was done according to the best discretion of the court, and therefore must affirm this judgment. Such being the opinion of my brother Judges, it is accordingly affirmed.