WILLIAM SEAVER, JR., *v.* WILLIAM ALLEN.

As a general rule, a motion to quash a writ for a cause which might be taken advantage of by plea in abatement, must be made within the time limited for filing pleas in abatement.

The court, for sufficient cause shown in a particular case, may entertain a motion in the nature of a plea in abatement, after the time for pleading in abatement has expired.

But when a motion to quash a writ for insufficient endorsement is made after the time for pleading in abatement has expired, the motion will not ordinarily be entertained if the plaintiff, by amendment, promptly furnishes a sufficient endorsement.

Whether the objection to the endorsement could not be obviated by amendment, if the objection were taken by plea or motion within the time fixed by the rules for pleading in abatement, *quaere.*

ASSUMPSIT. Plea, the general issue. The writ was endorsed by the plaintiff, a resident of Michigan; had never been filed, but was furnished to the defendant shortly before the trial, three years after the commencement of the suit. Upon examining the writ, the defendant moved to quash it for want of a proper endorsement. The plaintiff moved for leave to amend by furnishing a new endorser. The court granted the plaintiff leave to amend; a new and sufficient endorsement was made; and the defendant excepted.

*Leverett & Blair* for defendant.

*Clark* for plaintiff.

DOE, J. If the defect in the endorsement appeared on the record, as we presume it did, the defendant might have his remedy by motion. *Scruton & al.* v. *Deming,* 36 N. H. 432; *H. Ins. Co.* v. *Prescott,* 38 N. H. 398.

The plaintiff claims that the defendant's motion was not seasonably made; and the defendant answers that it was made as soon as he had the means and opportunity to make it. "Regularly, all writs ought to be filed with the clerk when the action is entered, and ought not to be permitted to be afterwards taken from the files. And if a different course is pursued, those who neglect to file, and those who take from the files, writs, will be held responsible for all damages that may accrue to any party by reason of the loss of them." *Mattocks* v. *Bishop*, 4 N. H. 439, 440. But a plaintiff, by omitting to file his writ, does not extend the time for pleading in abatement or in bar. "As a general rule, a motion to quash a writ for a cause which might be taken advantage of by plea in abatement, must be made within the time limited for filing pleas in abatement." *Parsons* v. *Swett*, 32 N. H. 87, 89; *Crawford* v. *Crawford*, 44 N. H. 428. A different practice may have formerly prevailed when the tendency to restrain parties within the substantial merits of their case was not so strong as it is now. *Clark* v. *Lisbon*, 19 N. H. 286, 288, 289.

As the court may, for cause shown, waive or enlarge the rule which limits the time of pleading in abatement, (*Deming* v. *Foster*, 42 N. H. 165, 179), so they may, in their discretion, extend the time for making a motion which is a substitute for a plea in abatement. The defendant might have moved for an order on the plaintiff to file his writ at any time; or for an order that the time of pleading in abatement should not commence until the writ was filed. But the neglect of the plaintiff, in not filing the writ, did not operate as a rescission or enlargement of the rule for pleading in abatement, or as an extension of the time for making a motion of the nature of a plea in abatement. If the plaintiff had not, by a new endorsement, given the security to which the defendant was entitled, the court, under the circumstances, would have entertained the defendant's motion to quash the writ, although the time of pleading in abatement had expired. By the amendment, the defendant was placed in as good a position as he would have had if the writ had been properly endorsed at first; and thereupon the court might well refuse to entertain the defendant's motion after the time of pleading in abatement had expired. On this ground the defendant's exception is overruled. By generally applying the four-days rule to proceedings which are intrinsically in abatement whether on plea or motion, and suspending the rule in special cases in the discretion of the court when justice requires it to be done, the rights of the parties will be protected and technical objections avoided.

If the defendant had made his objection to the defective endorsement by plea or motion within the four days prescribed by the rule, and the plaintiff had moved to amend, the question would have been presented whether the endorsement of a writ is within the statute of amendments. In *Pettingill* v. *McGregor*, 12 N. H. 179, 190, and *Brackett* v. *Bartlett*, 19 N. H. 129, 130, it was held that when a writ is not properly endorsed before service, the court have no authority to permit the same to be subsequently endorsed, without the assent of the defendant. But since those decisions were made, the construction of the statute of

amendments has been growing more and more liberal; and now the language of the statute is generally taken in its ordinary and natural sense.   The strict and narrow construction by which parties were often deprived of relief which the statute was intended to give is becoming, if it has not become, obsolete.