CHARLES H. LITCHMAN & another *vs.* DANIEL POTTER.

Essex. Nov. 4. — Dec. 31, 1874. AMES & DEVENS, JJ., absent.

The value of goods replevied need not be alleged in the writ.

A writ of replevin, served by a constable, did not state the value of the goods to be replevied, but the parties agreed in writing on the writ that the value was $225. The *ad damnum* in the writ was $500. The judge presiding at the trial allowed the plaintiff to amend the writ by inserting $225 as the value of the goods, and overruled a motion to dismiss. *Held*, that the defendant had no ground of exception.

A writ of replevin commanded the officer to replevy "the goods and chattels following, viz: the contents of a grocery store," described the store, and stated the person by whom the goods were taken and held. *Held*, that the description was sufficient under the Gen. Sts. c. 143, § 11, and was not so vague and indefinite as to be bad on demurrer.

REPLEVIN. The writ, which was served by a constable, directed the officer to " replevy the goods and chattels following, viz.: the contents of a grocery store, so called, situate on Lee Street in Marblehead, and numbered 3 on said street, belonging to Charles H. Litchman and William T. Litchman, now taken and held by Daniel Potter." There was no allegation in the body of the writ of the value of the property to be replevied ; but there was an agreement signed by the parties on the writ, that the goods should be valued at $225. The *ad damnum* was $500.

In the Superior Court, upon the return day of the writ, the defendant filed a motion to dismiss on the ground that there had been no legal service of the writ. This motion was granted by *Brigham*, C. J. The plaintiff then moved to amend the writ by alleging that the property was of the value of $225. The judge thereupon rescinded the order dismissing the action, allowed the

amendment, and overruled the motion to dismiss the action ; and the defendant alleged exceptions.

The defendant then filed an answer containing a demurrer to the writ, on the ground that the property to be replevied was not sufficiently described. The demurrer was overruled; and the defendant appealed. The case then proceeded to trial, and the jury found for the plaintiff.

*C. Sewall,* for the defendant. The authority of a constable to serve a replevin writ is a special authority, in which the subject matter must not exceed three hundred dollars. Gen. Sts. *c.* 18, § 61. St. 1872, *c.* 268. His authority must, therefore, appear upon the face of the writ. *Conner* v. *Palmer,* 13 Met. 302. *Pomeroy* v. *Trimper,* 8 Allen, 398. Unless the authority appears upon the face of the writ, (except in personal actions where the *ad damnum* qualifies the authority of the constable to serve,) a constable cannot serve a replevin writ, and the court should have dismissed the same, there being no service. *Wood* v. *Ross,* 11 Mass. 271. *Brier* v. *Woodbury,* 1 Pick. 362. If, as said in *Pomeroy* v. *Trimper, supra,* an exception to the rule that the writ need not allege the value, may exist where the writ is to be served by a constable whose authority is limited, then the officer was a trespasser *ab initio,* and the court could not, after the act was done, legalize such tortious acts by an amendment.

2. A replevin writ is a special writ commanding the officer to take specific property, and must be " in the form heretofore established and used." Gen. Sts. *c.* 143, § 11. This language was substantially the same in the Rev. Sts. *c.* 113, § 28, which refers to the St. of 1789, *c.* 26, § 4, which contains the entire form of the writ, and the direction to the officer is as follows : " We command you that you replevy the goods and chattels following, viz. : (here enumerate and particularly describe them) belonging to." The law is the same in trover, an action which the party can elect to bring instead of replevin. The Gen. Sts. *c.* 129, § 87, use the following language : " Defendant has converted to his own use one horse (or the goods mentioned in the schedule hereto annexed)." The allegation in the plaintiffs' writ, " the contents of a grocery store," does not describe any property. The officer is not commanded to replevy the " grocery store," but . something that may be in it ; what that is does not appear. The

writ commands the officer to replevy the " goods and chattels following, viz. : " and in this action none are described. An officer would not be justified in serving a search-warrant with no description of the property. *Sandford* v. *Nichols*, 13 Mass. 286. Prior to the Gen. Sts. *c.* 129, § 87, it was held that a schedule annexed to a writ of trover or replevin was no part of the declaration. *Rider* v. *Robbins*, 13 Mass. 284. And in *Kinder* v. *Shaw*, 2 Mass. 398, which was trover, describing sundry goods in a schedule annexed, in a note is the following : " The chief justice observed to the counsel for the plaintiff that this was a very improper practice. The schedule annexed to a declaration is no part of the declaration. It is allowed in actions of assumpsit for goods sold and delivered, because the plaintiff is not held to particularize the articles; but it is otherwise in trover and replevin."

*W. C. Fabens*, for the plaintiffs.

ENDICOTT, J. It is not necessary in a replevin writ to allege the value of the goods to be replevied. *Pomeroy* v. *Trimper*, 8 Allen, 398. *Blake* v. *Darling*, *ante*, 300. If alleged, it may under some circumstances be admissible against the plaintiff as evidence of value ; *Clap* v. *Guild*, 8 Mass. 153 ; *Barnes* v. *Bartlett*, 15 Pick. 71 ; but is not conclusive evidence even on the question of jurisdiction, if the agreement or appraisal establishes the value to be less than twenty dollars. *King* v. *Dewey*, 11 Cush. 218. The agreement or appraisement determines the value for all the purposes of the case. *Leonard* v. *Hannon*, 105 Mass. 113. As the value named in the agreement in this case was less than three hundred dollars, a constable could serve the writ, the determination of the value being preliminary to the service. Gen. Sts. *c.* 143, §§ 3, 12 ; *c.* 18, § 61. St. 1872, *c.* 268. The *ad damnum*, alleged in the writ to be five hundred dollars, is not an allegation of value ; that is determined by the agreement; and it was clearly within the power of the court to allow the amendment in conformity to the fact.

The description of the property to be replevied, though general in its terms, meets the requirements of the statutes, and is not so vague and indefinite as to be bad on demurrer. The officer is directed to replevy the contents of a grocery store. The goods ordinarily contained in such a store are too numerous and varied

to be enumerated in detail. The store is pointed out, and the goods are further described as now taken and held by a deputy sheriff as the property of another. This is a sufficient description to inform the officer and to furnish the means of clearly identifying the property ; and that it was so identified appears by the agreement of the parties as to the value.

*Exceptions and demurrer overruled.*