FANNIE E. MUSGRAVE *vs.* RUFUS FARREN.

SAME *vs.* SAME.

Hancock.   Opinion December 1, 1898.

*Replevin.   Amendment.   New Trial.   R. S., c. 96, § 10.*

In an action of replevin the writ must specify the particular property to be replevied and describe it with a reasonable degree of certainty, in order that the property may be identified and delivered to the plaintiff.

Where the property is described as "five barrels, thirteen boxes and two crates" without any mention whatever of their contents, and the plaintiff has no title to the barrels, boxes and crates themselves, no recovery can be had for any part of their contents.   Nor is such writ amendable.

The court will grant a new trial in cases where the verdict for a defendant husband is rendered against the positive testimony of the plaintiff, his wife, against the probabilities in her favor arising from the relations formerly existing between her husband and herself, and the husband's course of dealing with his wife in respect to his property, and against the husband's own previously signed declaration made under oath during his examination as a judgment debtor.

ON MOTIONS AND EXCEPTIONS BY PLAINTIFF.

Two actions of replevin tried together by consent of the parties.

The facts appear in the opinion of the court.

*H. E. Hamlin and C. H. Wood,* for plaintiff.

*E. S. Clark and L. B. Deasy,* for defendant.

SITTING:  EMERY, WHITEHOUSE, WISWELL, STROUT, SAVAGE, JJ.

WHITEHOUSE, J.   These were actions of replevin brought to recover possession of certain articles of property in the possession of the defendant, a warehouseman at Bar Harbor, who claimed to hold the property as bailee of Thomas B. Musgrave, husband of the plaintiff.   By consent of parties the two actions were tried together.   In the former action the property replevied was described as "One Victoria carriage, trimmed in dark brown

broadcloth, has a brake and was manufactured by Bender in France." In the latter the articles were described as follows: "One coupe carriage, five barrels, thirteen boxes, two crates, three tables, five chairs, one chest of drawers, two fire screens and one basket." The issue submitted to the jury was whether the title to the property replevied was in the plaintiff Fannie E. Musgrave, or her husband Thomas B. Musgrave. . The verdict was for the defendant in both cases. The plaintiff now asks to have these verdicts set aside upon three grounds: First, because the verdict was against the evidence submitted at the trial; second, on account of newly-discovered evidence, and third, upon exceptions to the rulings of the presiding justice.

I.   The motion.

 The plaintiff's evidence tended to show that she acquired title to the several articles described in her writs by virtue of absolute gifts from her husband at different times, long prior to their separation and when they were living together in harmony as husband and wife in New York City. It was not in controversy that the Victoria was bought and paid for in Paris by the husband in 1873; but the plaintiff contended that he procured it for the express purpose of making a gift of it to her; that it was presented to her immediately after its delivery in New York, and thereafterwards it was recognized as her property, and remained under her dominion and control until it was taken by him from her stable in Bar Harbor and deposited in the defendant's warehouse.

It is clearly shown by the plaintiff's evidence, that the coupe mentioned in the second writ was given to her in 1880. It was selected by her and her monogram "F. E. M." painted on the panels of the carriage at the time.

Indeed, this appears to have been an instance where the husband arranged to have the title to all of his valuable property vested in his wife. The plaintiff introduced, without objection, a bill of sale given by Musgrave to his wife in 1872, comprising all the furniture in the dwelling-house occupied by them at 749 Fifth Avenue, New York, and of all the carriages, horses and harnesses

owned by him at that time.    The next year he purchased and con-
veyed to his wife, the house at 535 Fifth Avenue, valued by him at
$200,000 and the principal part of the furniture was then removed
from 749 Fifth Avenue to this new house.    In 1881, he conveyed
to his wife the real estate at Bar Harbor valued at $150,000, with
all the furniture in one of the houses.    These gifts were proved
by the testimony of Mr. Musgrave himself and also shown by
record evidence, Musgrave claiming that when he conveyed the
real estate to his wife, it was agreed that he should continue to
receive one-half of the income.    It was not in controversy, that at
different times he had also given his wife diamonds and other jew-
elry of the value of about $15,000.    Evidence of the gift of the
real estate in New York and of the diamonds and other jewelry,
was introduced by the defendant subject to the plaintiff's objection.

In corroboration of the positive testimony of the plaintiff in sup-
port of her claim, and of the probabilities in her favor arising from
the relations then existing between her husband and herself, their
circumstances and situation in life, and the husband's course of
dealing with his wife with respect to his property, special attention
is called to a declaration under oath made by Mr. Musgrave in the
Supreme Court of New York on the thirteenth day of November,
1889.    It was the result of his examination as a judgment debtor,
reduced to writing and signed and sworn to before a justice of that
court.    It contains the following statement inter alia:

"I have resided until about October 19, 1889, for 16 years last
past at 535 Fifth Avenue; this property and the house and furni-
ture belongs to and is owned by and in the name of my wife, and
has been for sixteen years last past.    I do not own any real estate
or personal property, except my wardrobe and a few articles of
jewelry, some books and miscellaneous small articles of no particu-
lar value to any one but myself."

He admits in his testimony that he signed the paper and made
oath to it, as shown by the record, but claims that he never read
the statement and had no knowledge of its contents, except the
information from the creditor's attorney, that it related to the
affairs of Musgrave & Co.

It does not require the "newly-discovered evidence," of the attorney who conducted that examination, and of the other officials of the court in New York, to show that Musgrave's pretense of ignorance respecting the contents of this paper, was unreasonable and untrue. He was an intelligent man of affairs, who for twenty-five years had an income from his business exceeding $40,000 per year, and he must be presumed to know the contents of a paper comprising his answers to interrogatories reduced to writing under such circumstances, and deliberately signed and sworn to before a justice of the Supreme Court. It is not difficult to infer that if he had then been particularly interrogated in regard to these carriages, he would have stoutly maintained, that the coupe was an absolute gift to his wife and that her initials were painted upon its panels as evidence of the gift; and that the Victoria was ordered with special reference to the comfort and convenience of his wife, who testifies that she was in poor health at the time, and was intended as a gift to her, was delivered to her as her property, and had remained her property ever since.

It is the opinion of the court, that against these deliberate statements of Thos. B. Musgrave made under oath, and shown to be in harmony with his general conduct in the management and disposition of his property, these verdicts cannot consistently be permitted to stand. The conclusion is irresistible, that in contemplating the large amount of property given to the wife by the husband and still held by her, the jury failed to give effect to the evidence showing title in the plaintiff to the particular articles in question.

II. This conclusion renders it unnecessary to examine the plaintiff's exceptions, but as some of the questions presented by them must again arise in the event of another trial, it seems expedient and proper to consider them here.

The case shows that the plaintiff did not claim title to the "boxes, barrels and crates" named in her writ, but did claim to own a part of the contents of the several packages, and asked the court to rule that she might recover any such articles which she could prove to be her property. The court declined to give this

ruling, and also refused to allow an amendment to the writ describing the articles contained in the several packages named which she claimed to own.

These rulings were correct. In an action of replevin, the writ must specify the particular property to be replevied, and describe it with a reasonable degree of certainty, in order that the property may be identified and delivered to the plaintiff. 1 Chitty on Pl. 185, and note; Wells on Replevin, §§ 168-184, and cases cited; *Wingate* v. *Smith,* 20 Maine, 287; *Litchman* v. *Potter,* 116 Mass. 371.

In the present case it has been seen that the "boxes, barrels and crates" are mentioned in connection with the carriage, tables and chairs, without any reference whatever to their contents; and an application of the rule of noscitur a sociis would lead to the obvious conclusion that the plaintiff sought to recover the boxes, barrels and crates themselves, and made no claim to their contents. It is clear that she could not be allowed to recover articles of property which were neither generally nor particularly described nor in any manner mentioned in her writ.

The motion to amend the writ by inserting a schedule of that portion of the contents of the packages in question, which the plaintiff claimed as her property, was properly denied. It would have introduced a new cause of action and increased the aggregate value of the property to be replevied. The bond which the officer is required by our statute to take from the plaintiff to the defendant, before serving the writ, must be in double the actual value of the goods to be replevied. R. S., ch. 96, § 10; *Hall* v. *Monroe,* 73 Maine, 123. The penal sum of the bond in this case was presumably fixed with reference to the real value of the articles originally described in the writ before it was served; and without consent of the sureties this amount could not afterward be increased to meet the requirements of a writ amended in the manner proposed.

The entry in each case must be,

*Motion sustained; new trial granted.*