WILLIAM T. MARSHALL, Respondent, v. MARY H. B. MOORE, as Administratrix of the Estate of J. HANDY MOORE, Deceased, Appellant.

St. Louis Court of Appeals, January 18, 1910.

1. REPLEVIN: Pleading: Petition: Allegations in Affidavit. Where, in replevin, the affidavit stated the value of the property and that it had not been seized under any process, execution, or attachment, the petition was sufficient, though it did not state such facts.

2. REAL ESTATE: Building Not Necessarily Real Estate. A building is not necessarily part of the "real estate."

3. APPELLATE PRACTICE: Presumptions in Support of Judgment. In replevin for a building situated on the right of way of a railroad, in the absence of proof to the contrary, it ought to be presumed in support of a judgment for plaintiff that it was put there pursuant to an agreement between the owner and the railroad company, which left it the personal property of the former.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Lew R. Thomason* for appellant.

(1) The action of replevin lies only for the recovery of specific personal property. Fisher v. Johnson, 189 Mo. 433. (2) To sustain an action of replevin, the

property sought to be recovered must be susceptible to a seizure by the officer and delivery to the plaintiff. Jones v. Dodge, 61 Mo. 368. (3) Lands include not only the soil, but everything attaching to it, either by the course of nature or by the hands of man, as buildings thereon. Blackstone's Com., Book 2, p. 18; Havers v. Ins. Co., 123 Mo. 419. (3) Buildings are ordinarily part of the realty, and cannot be replevied. Davis v. Taylor, 41 Ill. 405; Smith v. Benson, 1 Hill (N. Y.) 176; Madigar v. McCarthy, 108 Mass. 376.

*Russell & Deal* and *Boone & Lee* for respondent.

GOODE, J.—Replevin for one box warehouse eighty feet long and thirty and one-half feet wide, situated on the right of way of the Cairo branch of the St. Louis, Iron Mountain and Southern Railway Company where the same crosses section 36, township 27, range 16, in Mississippi county, Missouri, at a railway station known as Hough's station. It is alleged the warehouse was personal property and was in the possession of respondent until November 22, 1905, when appellant's decedent, by his employees and agents, forcibly and wrongfully took possession of it and thereafter withheld possession from respondent to his damage in the sum of $25. After an appeal was allowed, the original defendant, J. Handy Moore, died, and the action was revived in this court in the name of his administratrix, Mary H. B. Moore. There is no bill of exceptions and the appeal is here on the record proper. The point is made against the judgment that the petition does not allege the value of the property, nor that it had not been seized under any process, execution or attachment. Counsel for appellant say these averments do not appear in the petition, which is true; and further, that no affidavit containing them was filed in support of the petition, as to which matter counsel was in error. Though the abstract of the record prepared by him does

not show an affidavit and bond, the counter abstract filed by respondent does show both, and in the former the value of the property in dispute is laid at $300, and it is averred the same had not been seized under any process, execution or attachment against the property of respondent, but was wrongfully detained by appellant. Stating these facts in the affidavit was sufficient. [Schaffer v. Fardwesch, 16 Mo. 337.] The court appears to have found the value above the amount stated in the affidavit, but no point has been made about this finding.

It is argued the judgment should be reversed because the action is to recover a building which was part of the realty. The petition avers it was personal property, and it might have been, for a building is not necessarily part of the realty. The one in question was on the right of way of the railroad company, and it ought to be presumed in support of the judgment and in the absence of proof to the contrary, it was put there pursuant to some agreement between the owner and the railway company, which left it the personal property of respondent. [Cobbey, Replevin (2 Ed.), sec. 364.]

The judgment is affirmed. All concur.