## PLANT *v.* CRANE and Another.

A party, in order to introduce a copy of a mortgage in evidence, exhibited his affidavit, alleging that the original had been delivered to the recorder for record, and was not among his own papers. *Held,* that the inference was that the mortgage yet remained in the recorder's office; and the affidavit was, therefore, held insufficient.

Action to recover the possession of personal property. Verdict that the property was the defendants', was of the value of, &c., and for damages for the detention thereof by the plaintiff. *Held,* that the question whether the property was returnable, was for the Court to decide on rendering judgment.

APPEAL from the *Marion* Circuit Court.

*Per Curiam.*—Replevin for an omnibus, horses, &c., alleged to be unlawfully detained.

Denial, by the defence, of the unlawful detainer, allegation of property in the defendants, and claim for damages, &c. Issues. Trial by jury. Verdict that the property belonged to the defendants, was of the value of 1,450

May Term,
1856.

PLANT
v.
CRANE.

dollars, and that the damages for detention by the plaintiff in replevin, were 8 dollars and 29 cents. Motion for a new trial overruled, and judgment for the defendant for the value of the property and damages.

The evidence is not upon the record.

Counsel for the appellant claim a reversal of the judgment below, for three reasons:

1. The refusal of the Court to receive in evidence a certified copy of a mortgage.

2. The refusal to hear the testimony of a witness.

3. The rendering of judgment by the Court for the value of the property and the damages, when it was not a part of the verdict that the property could not be returned.

On the first point, it is sufficient to say that the absence of the original was not sufficiently accounted for. The affidavit of loss is, that the mortgage was delivered to the recorder for record, and is not among the papers of the plaintiff. The inference is, that it yet remains in the recorder's office.

2. As the testimony of *Landis* related to matters connected with the mortgage, it was unimportant, the mortgage not being in evidence.

3. It was not necessary for the jury to find upon the question as to whether the property was returnable. That question was for the Court, upon the rendition of the judgment; and as the evidence is not of record, we presume in favor of the action of the Court. Property might not be returnable at the finding of the verdict, but might be at the rendition of judgment, and *vice versa*. See *Noble* v. *Epperly*, 6 Ind. R. 414, 468.

The judgment is affirmed, with 3 per cent. damages and costs.

*D. Wallace*, *E. Coburn*, and *R. L. Walpole*, for the. appellant.

*L. Barbour* and *A. G. Porter*, for the appellees.