BAKER v. HORSEY.

PRACTICE.—An objection to the form of a judgment in replevin, in order to be available here, must have been first brought to the attention of the Court below in the proper manner.

APPEAL from the *Martin* Circuit Court.

PERKINS, J.—*Baker* sued *Horsey* to recovery a steamboat, viz: the "*Miles.*"

The defendant answered by the general denial of the plaintiff's complaint, and, specially, that he, the defendant, was, at the time of the commencement of the suit, the owner and rightful possessor of the boat.

Trial by the Court, finding for defendant, and that the value of the boat was 300 dollars; and, also, that the defendant had sustained 1 cent in damages by its detention by the plaintiff. A motion for a new trial was overruled, and judgment was rendered as follows:

"It is therefore considered by the Court that the defendant have return of the property mentioned in said complaint, viz: the steamboat *Miles*, and in case a return thereof can not be had that the defendant recover of the plaintiff said sum of 300 dollars, the value of said boat assessed as aforesaid; and it is further considered that the defendant recover of the plaintiff 1 cent, his damages for the detention of said boat, together with his costs and charges herein laid out and expended, taxed at," &c.

There was no exception below to the form of the judgment. It is contended that the judgment is for the wrong party on the merits, and is wrong in form under the statute.

*Baker*, the plaintiff, claims title to the boat as purchaser of it on execution as the property of one *Wilson*, but we think the evidence tends to establish the proposition that *Horsey*, the defendant, was, at the time of the sale, the equitable

Baker *v.* Horsey.

owner of the boat, and that the purchaser at the sale had notice of *Horsey's* title.

As to the form of the judgment, and the objection now first raised to it, we will simply quote the rulings of the Court of Appeals of *New York* in *Ingersoll* v. *Bostwick*, 22 N. Y. Rep (1860) p. 425. That was a replevin suit, and the Court of Appeals ruled:

"1. That to raise a question of law, an exception must be taken and set forth in the case.

"2. That the judgment, which should have been in the alternative for the return of the property or its value, is for the value absolutely, and does not conform to the report of the referee, and is an irregularity but to be corrected by the Court of original jurisdiction, and not reviewable on appeal," where a correction had not been applied for and refused below, and exception taken. Touching the manner of rendering judgment in replevin suits, this Court held that the question as to whether the property could be returned was not one to be settled by the verdict of the jury, but it is intimated that it should be by the Court, and that the determination should be expressed in the judgment. *Plant* v. *Crane*, 7 Ind. 486. But in *New York*, whose code we adopted, it is held that the judgment should be in the alternative, and the question of return thereby left with the party and the sheriff. 22 New York Court of App., *supra*, and 5 Seld. 470; *id.* 559; 23 Barb. 240; 19 *id.* 479; 17 *id.* 446; 28 *id.* 157. See and compare the following sections of our code: 2 G. & H. p. 206, § 339; *id.* p. 219, § 374; *id.* p. 230, § 408; *id.* p. 231, § 411, sub. div. 4.

*Per Curiam.*—The judgment below is affirmed, with costs.

*John Baker*, for the appellant.

*Newton F. Malotte* and *Thomas R. Cobb*, for the appellee.