———o———

HENRY BLOBAUM, Appellant, *vs.* HENRY GAMBS, Public Administrator in charge of estate of MICHAEL SLATTERY, deceased, Respondent.

1. *Replevin vs. Constable's Adm'r—Competency of plaintiff as witness—Constr. Stat.—Surplus fund—Creditors.*—In replevin by a third party against a constable for goods seized under execution, where the constable died after suit was commenced and his administrator was substituted as a party, the plaintiff then ceased to be a competent witness under the statute. (Wagn. Stat., 1371-2, § 1.)

In such proceeding, judgment being given in behalf of defendant for the value of the property, any surplus after satisfying the execution debt, may be seized by the other creditors. Plaintiff in the replevin cannot hold it.

*Appeal from St. Louis Circuit Court.*

*Hitchcock, Lubke & Player*, for Appellant.

I. Plaintiff was not a stranger to the title. The sale, *inter partes* was good. If void as to creditors, it was void only as to the amount of the execution. (Dilworth vs. McKelvey, 30 Mo., 149; Fallon vs. Manning, 35 Mo., 271; Frei vs. Vogel, 40 Mo., 149.)

II. Plaintiff was a competent witness. The "cause of action" in this suit was the fraud alleged in Slattery's answer to make his levy valid. The parties to that fraud were plaintiff and Rottinghaus. The constable was no party thereto.

(See also Garvin's Adm'r vs. Williams, 50 Mo., 207; Moore vs. Moore, 51 Mo., 119; Spradling vs. Conway, 51 Mo., 51; Whaling vs. Peck, 49 Mo., 82.)

*Jecko & Hospes*, for Respondent.

I. Plaintiff was incompetent. (Wagn. Stat., 1371-2, §1.) If the bill of sale be the "cause of action," Rottinghaus being dead, the plaintiff—grantee therein—cannot testify. If the alleged trespass of the constable be "the cause of action," then the constable being dead, plaintiff—the other party thereto—cannot testify.

II. Plaintiff was an entire stranger without any title to the surplus. (Frei vs. Vogel, 40 Mo., 149; Fallon vs. Manning, 35 Mo., 271.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of replevin. The petition alleged that the plaintiff was the owner of the personal property, and that defendant unlawfully detained the same.

The answer denied plaintiff's ownership, and set up, that defendant was the owner by virtue of a levy of an execution by him, as constable, on the same, as the property of one Rottinghaus, the defendant in the execution; that plaintiff's alleged claim to the property was fraudulent and void as to the creditors of Rottinghaus.

The plaintiff by replication denied the new matter set up in the answer. Before the trial, defendant died and his administrator was made a party. On the trial, the plaintiff offered himself as a witness to prove the issues on his side; but he was excluded because the defendant, Slattery, was dead, and to this action of the court the plaintiff excepted.

The execution, under which the defendant as constable claimed the property, was for two hundred dollars. In his answer the defendant demanded judgment for the return of the property which had been delivered to the plaintiff, or for the value thereof. The case resulted in favor of the defendant, and the court sitting as a jury, assessed the value of the property at four hundred dollars and defendant's damages at one

cent; and the defendant elected under the statute to accept the value of the property in lieu of the property itself, and the court gave judgment in favor of the defendant for the value, ($400.00), against the plaintiff and his sureties on the bond for the return of the same, and for one cent damages and the costs.

The plaintiff objected to the amount assessed as the value of the property upon the ground that the defendant's interest in the same was only the amount of the execution, $200.00. But the court overruled the objection and the plaintiff excepted.

A motion for a new trial was overruled and final judgment rendered against the plaintiff, which was affirmed at the General Term, and plaintiff has appealed to this court.

The plaintiff was not a competent witness under our statute, to prove any facts to establish his ownership of the property. Whether he was the owner or whether the defendant himself, by virtue of his levy of the execution, became the owner, was the only matter in issue and on trial in this suit. The defendant, Slattery, who had died, was certainly a party to this issue. He denied the ownership of the plaintiff and alleged property in himself, as constable, by virtue of the levy of the execution. The only question in issue, was as to the ownership of the property. It was a suit to try the right to the property, and it was in regard to this right that the plaintiff offered to testify. The statute excluded him as a witness. (See 2 Wagn. Stat., 1372, § 1.)

The verdict being in favor of the defendant, it established his right to the property. The result also determined that the plaintiff was a stranger to the title, and that his pretended claim was fraudulent and void as to the creditors of the defendant in the execution. The constable therefore held the property, not in trust for the plaintiff in any respect, but for the benefit of the plaintiff in the execution. The value of the property assessed in favor of the constable's administrator must go to the payment of the execution, and whatever overplus remains may be seized by other creditors. As the record stands before us, we do not see that the plaintiff is entitled to

the overplus, and the verdict as rendered must stand. (See Frei vs. Vogel, 40 Mo., 149; Dilworth vs. McKelvy, 30 Mo., 149.)

Judgment affirmed; all the judges concur.