CHARLES H. BOSSE, Appellant, *v.* EMILE THOMAS, Respondent.

### April 4, 1877.

1. In an action for the claim and delivery of specific personal property, the petition need not allege everything required to be stated in the affidavit.

2. Where, in such a proceeding, defendant makes a general denial of title in plaintiff, he may justify under legal process against the rightful owner.

3. A sale of personal property, unaccompanied by a change of possession, is void as to creditors of the vendor, both prior and subsequent.

4. Where the jury returns an informal verdict, it is not error for the court to suggest a correct form, conforming to the obvious intent of the jury.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Gottschalk,* for appellant, cited: Wag. Stat. 1015, sec. 12; Northrup *et al.* v. Mississippi Valley Ins. Co., 47

Mo. 443; Pawley *et al. v.* Vogel, 42 Mo. 291; Jones *v.* Evans, 62 Mo. 381; Kiskadden *v.* Jones, 63 Mo.

*Henry M. Bryan,* for respondent, cited: Pawley *et al. v.* Vogel, 42 Mo. 299; Claflin *v.* Rosenberg, 42 Mo. 439; McDermot *v.* Barnum, 19 Mo. 204; Woodford *v.* Stephens, 51 Mo. 443; Walker *v.* Walker, 25 Mo. 367; Shirley *v.* Shirley *et al.,* 9 Paige, 363; Tyler on Covert, 1st ed., 449, sec. 320, p. 436, sec. 309; Long *v.* Cockrell, 55 Mo. 93.

BAKEWELL, J., delivered the opinion of the court.

This is an action for the recovery of specific personal property. Plaintiff, in his petition, states that he is the owner, and entitled to the possession, of certain personal property described, and valued at $500, and that defendant unlawfully claims the same. The answer of defendant denies the allegations of the petition.

The testimony showed that plaintiff was the trustee of the separate estate of Barbara Lutz, wife of George A. Lutz; that Mrs. Lutz had such separate estate, consisting of realty worth $16,000, and also received money and wines from her father; that in 1868 George A. Lutz was residing with his wife and carrying on a cooperage and wine business on Fourteenth Street in St. Louis, and owed debts; that he then sold out to plaintiff, as trustee of Mrs. Lutz, who paid him $5,000 cash of Mrs. Lutz's money for the business and stock in trade; that of the goods so sold a wagon and horses were part of the goods sued for in the action, the other goods now claimed having replaced those originally sold in the course of trade; that at the time of the sale to plaintiff as trustee there was not, and never had been, any open and notorious change of possession; the business was carried on just as before; the bill-heads all bore the name of George A. Lutz, and all receipts and checks were given by him, in his own name. The plaintiff did not reside near the cooperage, and never personally gave any attention to the business. In 1874 and 1875 George A. Lutz was carrying on the cooperage and also a milling business on Christy

Avenue.    This was the testimony of plaintiff himself on his own behalf.

The defendant showed that he was sheriff of St. Louis, and, as such sheriff, seized the goods claimed, as the property of George A. Lutz, by virtue of an attachment issued out of the Circuit Court.    To this evidence plaintiff objected, as incompetent under the pleadings.    There was a verdict for defendant for $500, the value of the property, and $25 damages for its detention ; and the usual judgment.

The court, at the instance of plaintiff, directed the jury to find for plaintiff, if they believe from the evidence that the goods were in good faith bought by plaintiff with money of the separate estate of Mrs. Lutz, and were in the possession of Bosse when taken by · defendant ; and also instructed the jury that fraud could not be presumed, and must be proved.

The court refused to give the following instructions asked for plaintiff :

" If the jury believe from the evidence that plaintiff was in possession of the property in dispute, as owner thereof, at the time defendant took said property, they will find for plaintiff."

The following instructions were given at the instance of defendant.

" 1.  The fact that Lutz was employed to work in the shop and attend to the business, if the jury so believe, does not prevent or exclude the possession by Bosse, if the goods were actually given into his possession visibly and notoriously.

" 2.  That unless the sale by Lutz to Bosse was accompanied with actual, visible, and exclusive possession and control of the articles sold, within a reasonable time — regard being had to their situation — then the sale was void as to creditors, prior or subsequent, of said Lutz.

" 3.  The jury are instructed that, although Charles H. Bosse might hold personal property as trustee for Barbara Lutz, for her sole and separate use, and allow said property

to remain in the possession of her husband, George A. Lutz, yet, as against the creditors of said George, the evidence of said trust should be clear and satisfactory, and the possession and control of said property by the said George should be consistent with the nature of said trust; and if the jury find from the evidence that the said George was held out, or allowed to hold himself out, by the said George H. Bosse and Barbara Lutz as the apparent owner of said property, and as the principal in the cooperage business in which said property was used, or to which it was incident, then, as against the creditors of said George who sold him goods upon the credit of his apparent ownership of said property and control of the business as principal in which said property was used, or to which it was incident, the said Charles H. Bosse and Barbara Lutz are estopped from asserting any title thereto.

" 4. The jury are instructed that, if they believe from the evidence that the personal property for which this action is brought, or any part thereof, was acquired by Barbara Lutz, and came into her possession while she was the wife of George A. Lutz, the title to said property acquired as aforesaid and coming into her possession vested absolutely in her husband, George A. Lutz, unless they further believe from the evidence that said property was conveyed to said George A. Lutz, or some third person, for the sole and separate use of the said Barbara; and they are further instructed that they should not find that there was such a conveyance to her sole and separate use unless they believe the evidence of such conveyance to be clear and unequivocal.

" 5. The jury are instructed that, if they believe from the evidence that the alleged sale, in 1868, of the personalty by George A. Lutz to Charles H. Bosse as the trustee of Barbara Lutz was made with intent on the part of these persons to hinder, delay, or defraud the existing or subsequent credit-

ors of said George, then as against the creditors, or any of them, said sale was fraudulent and void.

" 6. The jury are instructed that although they may believe from the evidence that Charles H. Bosse was the trustee of Barbara Lutz, for her sole and separate use, of any estate or property whatever, yet if they believe from the evidence that the proceeds of such separate estate or property, or any portion thereof, came to the possession of said Barbara, and were by her put into the possession of her husband, George A. Lutz, who either retained the possession thereof or purchased other property therewith which came into his possession, then such property so in his possession became his property, and was liable to attachment for his debts in a proper case, unless the jury further find that there was some agreement between the said George and Barbara that he should hold said property as her trustee, or that the title should be vested in any other person for her separate use."

1. The first question that presents itself for determination in this case is whether under our code of practice, when in an answer to a petition claiming specific personal property the defendant merely traverses the allegations of the petition, and does not justify or plead any special matter in defense, he will be allowed to show property in himself.

So far as we know, this question has never directly been passed upon in this State, and it has been the practice on the part of careful pleaders, when the defendant claims special property in the goods, as sheriff, by virtue of an execution against the goods of a third person, to set out these facts in the answer. The point was not made in that case, but, in *Pawley* v. *Vogel*, 42 Mo. 291, the pleadings seem to have been as in the case at bar, and the defendant, on the trial, appears to have shown that he seized the goods on execution as sheriff.

Under the old system of pleading in this State, one claiming title in himself was held to great strictness in setting it out in his answer in a replevin suit. *Armstrong* v. *McMillon*, 9 Mo. 721; *Smith* v. *Winston*, 10 Mo. 299. But in Michigan it was held that the defense that the property was taken under legal proceedings against a third person claiming to be the owner thereof is admissible under the general issue in replevin, without notice. *Snook* v. *Davis*, 6 Mich. 156. The Supreme Court of the United States has also said that where, in the action of replevin, the complainant alleges property and right of possession in the plaintiff, and the answer directly traverses these allegations, under the issues thus made any evidence is admissible on the part of defendant which goes to show that plaintiff has neither property nor right of possession; and evidence of title in a stranger is admissible. *Schulenburg* v. *Harriman*, 21 Wall 44. There is, however, abundant authority for the contrary doctrine as to the rule of pleading in these actions of replevin or detinue, where the common-law rules prevail.

In Iowa *(Jansen* v. *Effey*, 10 Iowa, 227), where the common-law pleadings do not exist, it was contended by plaintiff, in an action for the recovery of specific personal property, that a denial of the allegations of the petition amounted only to a plea on *non cepit*, and that, to entitle defendant to a judgment for return of the property, he must make an avowry or cognizance. But the court say: "The common-law pleadings in replevin do not exist under our present system. In order to constitute the plaintiff's rights on the face of the petition, he is to allege certain things, such as the right of possession, which may include that of property, the wrongful detention, and that it was not taken by legal process, or, if it was, that it was exempt. A denial of these, and putting them in issue, is sufficient, and the plaintiff has to maintain his claim and right set out in the petition; and there is no such technical effect given to the answer as was given to some of the common-law pleas." In Ohio, *non*

*detinet* was the general issue to their old action of replevin; and it raised all the questions that can be raised in an action of this kind; and under it the defendant might prove a levy on execution, and it is said that the same construction should be given to their Code.   *Oaks* v. *Wyatt*, 10 Ohio, 344; 2 Nash's Pl. & Pr. 834.

Unless these decisions are followed, there must be a great strictness of pleading in this form of action.   But under our Code, on the contrary, the greatest laxity is permitted in the allegations of the petition in this action, and some most material facts may be safely omitted from the petition, though they must be contained in the affidavit, which is not traversed by the answer.   That the property was not taken under legal process must be stated in the affidavit, though it may be omitted in the petition, and the petition need say nothing as to value of the property claimed.   The common-law rules of pleading do not apply, and we are sufficiently warned by the rulings of our Supreme Court on the pleadings in this form of action that technical exactness must not be required.   *Schaffer* v. *Faldwesch*, 16 Mo. 337.

The answer in this case raises the issue of title to property and possession in the plaintiff.   If the plaintiff has neither, the property which has been taken from the defendant at the commencement of the action should be returned to him; and we do not see why he should not be allowed, on travers-ing all the allegations in plaintiff's petition, to justify by showing special title to possession in himself by virtue of an execution against the real owner of the goods — especially where, as in this case, there is no pretense of a surprise.

We think, therefore, that under our Code, where the de-fendant traverses all the material allegations of the petition in a case of claim to specific personal property, and where, as in this case, plaintiff has given bond and retaken the property, the defendant may be permitted to justify by showing that he seized the property under execution or at-tachment against the owner of the goods, and will be

entitled to a return of the goods and a verdict and judgment for their value, and to have the property returned at his election, and for damages, though in his answer he does not, in so many words, either ask for damages or claim the property. Where the issues raise the question of title, it devolves on plaintiff to prove property in the goods at the time of their caption, and the right to immediate and exclusive possession. *Gray* v. *Parker*, 38 Mo. 160. If this is not done, and the evidence shows they have been taken from defendant by plaintiff, there should be a judgment for their return, at least after verdict, though the pleading may not set up title in defendant or claim a return. *Conner* v. *Comstock*, 17 Ind. 90 ; 7 Ind. 486.

2. We see nothing in the instructions given of which plaintiff can complain. They state the law of the case fairly enough, and are maintained by the evidence. The alleged sale to Mrs. Lutz's trustee was a fraud in law, and void as to the creditors of Lutz at the time it was made, there being no change of possession whatever, and the business being conducted by Lutz, precisely as before, in his own name. The possession of the husband was a possession under a constant assertion of ownership, and that with the knowledge and assent of his wife. If she ever owned the property, she evidently gave it to him. The general public must necessarily have believed George A. Lutz to be owner of the property and the business, and gave him credit accordingly. As against the creditors of Lutz, it cannot be asserted that the property belonged to his wife, or to plaintiff as her trustee. 42 Mo. 439 ; 19 Mo. 204. The instruction asked for plaintiff, and refused, was properly refused. It was given substantially in other instructions.

3. The jury returned a verdict in these words: " We, the jury, find for the defendant, and find the value of the property to be $500, and damages to be $25." This verdict was not in the language of the statute, and the court refused to accept it, and directed the clerk to draw up a

verdict in accordance with this finding and the form of the statute, which was done, and the verdict so drawn was duly signed and rendered.  Plaintiff excepted to this action of the court, and assigns it for error.  It is not pretended that the court in any way modified the real finding of the jury; and it committed no error in directing the jury to put their finding into another form, without in any way changing its substance.  46 Mo. 83; 48 Mo. 539.

4.  The damages are slightly excessive.  The measure of damages in a case of this kind is fixed at 6 per cent. on the assessed value of the property, from the day of its seizure to the date of the trial.  *Miller* v. *Whitson*, 40 Mo. 97. The property was taken on September 1, 1875; the case was tried on February 15, 1876.  The value of the property was $500.  The damages should, therefore, have been $13.75, instead of $25, and are excessive to the amount of the difference between the sums.  But this matter was not called to the attention of the court in the motion for a new trial, and we will not disturb the judgment, under such circumstances, for so slight an error.

The judgment of the Circuit Court is affirmed.  All the judges concur.