SCHULENBERG, APPELLANT V. BOOTHE ET. AL.

1. **Verdict**: EVIDENCE: PRACTICE. Though the evidence may not be clear and direct in support of a verdict, yet, if there was sufficient evidence to authorize the trial court to submit the issues to the jury, the Supreme Court will not disturb the judgment.

2. **Judgment in Replevin**: MEASURE OF DAMAGES: EXECUTION: SHERIFF. Plaintiff, claiming to be the owner of certain billiard tables, which had been taken in execution by the sheriff as the property of another, gave bond and replevied them. Upon a trial plaintiff failed to establish his claim, and there was judgment for defendant for the value of the tables, together with damages for taking and detaining them. *Held*, that this was the proper measure of recovery, and that the recovery should not have been limited to the amount of the execution.

*Appeal from Jackson Circuit Court.*—HON. SAMUEL L. SAWYER, Judge.

*Tomlinson & Ross* for appellant.

I.  If the verdict were supported by any testimony whatever the amount is too great. The sheriff levied on the tables to satisfy an execution for $517.41 (judgment and costs) and the verdict should not have been greater than. this sum. *Dilworth v. McKelvey,* 30 Mo. 149; *Gillham v. Kerone,* 45 Mo. 487.

II.  But the verdict of the jury is wholly unsupported by the evidence — is against the testimony of every witness who testified on that point. This court has in many instances reversed and remanded cases on account of the verdict of the jury when it was wholly unsupported by the evidence. *Ackley v. Staehlin,* 56 Mo. 558; *Schmeiding v. Ewing,* 57 Mo. 78; *Dedo v. White,* 50 Mo. 241; *State v. Burnside,* 37 Mo. 343; *Morris v. Barnes,* 35 Mo. 412; *Heyneman v. Garneau,* 33 Mo. 565.

*Wm. E. Sheffield,* for respondents, cited *Williams v. Rorer,* 7 Mo. 556.

NORTON, J.—This was an action to recover the posses-

sion of four billiard tables, which had been levied upon by the defendant Boothe as sheriff, on an execution which issued against one Seigmunt, in favor of one Cross, for $508.46, from the office of the circuit clerk of Jackson county. Cross being made a party defendant with Boothe, each in separate answers denied that plaintiff was the owner or entitled to the possession of the tables; but that they were the property of Seigmunt, and, as such, subject to seizure and sale upon execution in favor of said Cross, and that they had in virtue thereof, been seized by Boothe as sheriff. Plaintiff by replication denied the allegations of the answer. Upon a trial by jury, the verdict was for defendants, and plaintiff having given bond and taken possession of the property, its value was assessed at $800 and the damage of defendants at $1.00. The court having overruled a motion for new trial, the cause is brought to this court by appeal.

The principal point relied upon by counsel is, that there was no evidence, or no sufficient evidence to support the verdict. It appears from the evidence that in March, 1872, plaintiff sold the tables in question to Seigmunt for about $2,000, one hundred of which was paid at the time, and the remainder was to be paid in various payments, the last payment maturing April 13, 1873. The contract of sale was in writing, and it was expressly stipulated, among other things, that until the purchase price was paid, the title of the property was to be and remain in the plaintiff. Plaintiff further testified that there was due on the notes given for the purchase price of these tables, about the sum of $1,200, and that all the tables he received of Seigmunt were worth between four and five hundred dollars. The evidence of two other witnesses on behalf of plaintiff, was to the same effect. It was further shown by these witnesses that the four tables in controversy, when returned to plaintiff, were worth from $50 to $60 each. If the above had been the only evidence in the case the verdict and judgment would not be allowed to stand. It was,

however, shown on defendant's part by the affidavit accompanying the petition of plaintiff, that the tables in controversy were worth $2,000. It was also shown by Seigmunt that about ten months previous to the purchase of the tables in suit, he had bought of plaintiff five other tables, for which he paid over $2,000, and that upon these tables he gave plaintiff a chattel mortgage to secure him in the payment of the price agreed to be paid for those last purchased. This evidence as to the mortgage having been received without objection, none can be heard to it here. This witness further testified that there was a balance of $800 due on the tables last purchased, and that the plaintiff took four of the tables, on which he had given a chattel mortgage, to secure the purchase price of the tables levied on by the sheriff, and that he still retained the possession of them.

While the evidence is not clear and direct, that the value of the tables thus taken by Schulenberg, the plaintiff, exceeded in value the balance due him on the tables last sold by him to Seigmunt, yet as it appeared in evidence, received without objection, that at the time suit was brought, the tables in controversy (which the evidence shows were bought in 1872) were worth $2,000, and that the tables involved in this suit, when returned to Schulenberg were worth $50 or $60 each, and that the first lot of tables when returned were also worth $50 or $60 each, we think there was sufficient evidence upon which to submit the question to the jury, as to whether the tables taken by plaintiff under the mortgage, were of equal value to the balance due on the notes. We cannot, therefore, disturb the verdict on the ground alleged, that there was no evidence tending to show that the tables taken by the plaintiff under the mortgage, were worth as much or more than the alleged balance due on the tables in suit.

It is also urged that the judgment is erroneous, because the execution which was levied on the tables was for the sum of $517.41, and the judgment was for $800. The

action was replevin, and by virtue of the writ, plaintiff, having complied with the statutory requirements in giving bond, took the property from the possession of Sheriff Boothe, defendant. Under the statute regulating suits for the specific recovery of personal property, when the plaintiff obtains possession of the property and fails in his suit, in such case it becomes the duty of the court or jury to assess the value of the property, and in such case the proper judgment against the plaintiff and his securities, is that plaintiff return the property taken or pay the value so assessed, at the option of the defendant, and also damages for taking and detaining the property, and costs. The judgment conforming to these requirements is sufficient. Judgment affirmed; in which the other judges concur.

AFFIRMED.