YOUNG *et al.*, *Appellants*, v. GLASCOCK.

1. **Replevin** : GENERAL ISSUE: EVIDENCE. In an action of replevin the defendant may show under the general issue that the goods in controversy are the property of a third person held by defendant as sheriff under a writ of attachment, and that the plaintiff's claim is merely colorable.

2. ———: JUDGMENT FOR DEFENDANT FOR VALUE OF GOODS. In an action of replevin, if the plaintiff has obtained possession of the goods, the defendant must, in his answer, claim them and demand a return thereof; otherwise the court cannot, upon a finding in his favor, give judgment against the plaintiff for their value. R. S. 1879, ? 3854.

3. **Practice** : AMENDMENT OF PLEADINGS. On the trial of this case leave was given to amend the answer by inserting an averment conceded by the defendant to be material, but the amendment was not made on the spot, the trial proceeding on the understanding that it should be made afterward. It was not made, however, and on motion in arrest the plaintiff again urged the insufficiency of the answer and defendant then offered to make the amendment, but the

Young v. Glascock.

trial court ruled that it was unnecessary, and refused to permit it to be made. *Held*, that the omitted averment was material and the amendment ought to have been made, and this court would in furtherance of justice treat the case as if it had been made

*Appeal from Audrain Circuit Court.*—Hon. G. Porter, Judge.

Affirmed.

*Forrist & Fry* for appellants.

*Macfarlane & Trimble* for respondent.

Philips, C.—This is an action of replevin for the recovery of 2,000 bushels of corn, with the usual allegations. The answer was a general denial.

The bill of exceptions states that the plaintiffs introduced evidence tending to sustain the allegations of the petition, and showing that the value of the corn in question was $300. The defendant introduced evidence tending to show that the property belonged to one Ernest Ahlfeldt; that the defendant, as sheriff of said county, had, prior thereto, seized said property as the property of said Ahlfeldt under a writ of attachment in favor or Wahl & Co., creditors of said Ahlfeldt; and that said sheriff so held the same at the time of the suing out and execution of the writ of replevin; and also that the plaintiffs, who claimed the property as purchasers of said Ahlfeldt, on a contract of sale made prior to said seizure under the writ of attachment, had not taken possession thereof when the same was so seized under the writ of attachment, and that said sale was colorable only, etc. To all of this evidence the plaintiffs objected on the ground that under the plea of the general issue tendered in the answer such proof was inadmissible. Thereupon the defendant offered to amend his answer in conformity to the statute so as to meet the objection. The case seems then to have proceeded as if the amended answer had been accordingly filed. The court,

sitting as a jury, found the issues for the defendant and rendered judgment against the plaintiffs, who had the property in possession, and the sureties on the replevin bond, for the value of the property. The plaintiffs filed motion for new trial and in arrest of judgment, claiming, *inter alia,* that there was no answer to sustain the judgment. Thereupon the defendant offered to amend the answer in accordance with the leave theretofore given by the court. The plaintiffs objected, and the court declined to allow the amendment on the ground that the same was not necessary. The motions were overruled and the plaintiffs have appealed to this court.

The errors relied upon for reversal are, 1st, That the circuit court erred in admitting the evidence introduced by defendant; and 2nd, Because, under the answer, the defendant was not entitled to a judgment rendered for the value of the property.

I. As to the first objection, we are of the opinion that under the general issue the proof offered by the defendant was competent. The rule in this respect was very aptly stated in *Greenway v. James*, 34 Mo. 328 : Where the cause of action which once existed has been determined by some matter which subsequently transpired, such new matter must, to comply with the statute, be specially pleaded; but where the cause of action alleged never existed, the appropriate defense under the law is a denial of the material allegations of the petition, and such facts as tend to disprove the controverted allegations are pertinent to the issue. In the case at bar the rejected testimony disproved the respondent's ownership of the property, and thereby showed the cause of action alleged had never existed. I understand the requirement of the Practice Act, that new matter constituting a defense must be specially pleaded, to apply to such extraneous matters as are not included within the allegations necessary to support the plaintiff's case. *Northrup v. Miss. Val. Ins. Co.*, 47 Mo. 435. But in the action of replevin, as in that of ejectment, where the plead-

ing on the part of the plaintiff is a general averment of ownership of the property and a consequent right of possession, any proof on the part of the defendant, which goes to show that the plaintiff, at the time of the institution of the suit, was not the actual owner, and was not entitled to the possession thereof, is admissible under the general issue, even though it extend to the proof of fraud in the acquisition of plaintiff's title, or that the ownership and right of possession were in a third party.  *Schulenberg v. Harriman,* 21 Wall. 45; *Mather v. Hutchinson,* 25 Wis. 27, 36; *Caldwell v. Bruggerman,* 4 Minn. 270, 276; *Wheeler v. Billings,* 38 N. Y. 264; *Bosse v. Thomas,* 3 Mo. App. 472.   Where, in the action of replevin, under a code not unlike ours, the answer contained a general denial, and then further pleaded that the property was owned and possessed at the time by a third party, it was held that this additional averment was but another form of denial and not new matter which would be taken as admitted by a failure to reply.   *Woodworth v. Knowlton,* 22 Cal. 164.   The fact that the evidence thus introduced was of an affirmative character does not matter, because it contradicts the allegations of the complaint, "and may therefore be proved, to maintain the negative issue raised by the defendant's denial."   Pom. on Rem. and Rem'l Rights, §. 671.

The evidence presented by the defendant went to the point that at the time of the institution of plaintiffs' action they were not the owners in law and fact of the corn and were not entitled to the possession thereof.   The facts thus introduced were not supervenient; they tended to show that the cause of action never existed by reason of facts existing at the time of the filing of the suit.   *Wheeler & W. M. Co. v. Tinsley,* 75 Mo. 458.

II.   The second ground of error assigned is more serious.   The statute of 1855, (§ 11, p. 1245,) provided that: "If the plaintiff fail to prosecute his action with effect and without delay, and have the property in his possession, the court or a jury shall assess the value of the property taken

and the damages for taking and detention of the same," etc. In 1860, (Laws 1860, p. 87,) the legislature amended said section in the statute of 1855 by inserting after the words " and shall have the property in his possession " the following words : " and the defendant in his answer claims the same and demands a return thereof." This amendment had some purpose and a meaning. It perhaps is enough to say in such a case that the statute stands for a reason. This section as amended has been carried forward into all revisions of the statute. It does not appear that it has ever been directly construed by this court. The first case reported, where the question, if it had been raised, might have been passed upon, is that of *Fallon v. Manning*, 35 Mo. 271. The answer there did not contain the prayer for the return of the property or for the assessed value thereof. But on an examination of the original transcript it appears that the action was brought about the time of the amendatory enactment of 1860. And it is probable the amendment was overlooked both by counsel and court. In *Nelson v. Luchtemeyer*, 49 Mo. 56, cited by respondent, the answer demanded a return of the property. In *Long v. Cockrell*, 55 Mo. 93, it does not appear from the reported case that the answer contained the prayer for the return of the property. But an examination of the original transcript shows that the answer did contain the statutory demand; and in the following cases cited by respondent, *Blobaum v. Gambs*, 56 Mo. 183; *Schulenberg v. Boothe*, 65 Mo. 475, and other cases, either the reported case or the transcript shows the request made in the answer for the return of the property. The court of appeals in *Bosse v. Thomas*, 3 Mo. App. 472, 479, holds expressly that in a case situated similar to this the defendant is entitled to judgment for the value of the property. There is no discussion by the learned judge delivering the opinion, of the statutory provision in question. *Conner v. Comstock*, 17 Ind. 90, and *Plant v. Crane*, 7 Ind. 486, are cited in support. In the latter case the point decided by the court was that it was not necessary for the

jury to pass upon the question as to whether the property was returnable, but it was simply a question for the court upon the rendition of the judgment. It does not appear that any question of pleading under a statute like ours was involved. The former case of *Conner v. Comstock* affirms the case of *Plant v. Crane*, and the court do say that, notwithstanding there was no demand in the answer for the return of the property, yet if the case made by the evidence authorizes a return, it may, after verdict, be awarded by the court, on motion of the defendant. But we find no such provision in the statute of Indiana then in force, as the one under consideration in the statute of this State. It is with great reluctance that we would differ from a court of so high authority as that of the court of appeals of this State ; but we are unable to reconcile their decision with the plain letter of the statute. Our conclusion is, tha the statute in such cases should be followed substantial authorize the judgment rendered.

III. But it does not follow from this conclusion that the appellants are entitled to a reversal of the judgment in question. As recited in the statement of the facts of the trial, the defendant, on the objection of plaintiffs to the introduction of evidence, asked and obtained leave of the court to amend the answer. As the trial was had before the judge sitting as a jury, it was understood that the defendant would make the amendment at the conclusion of the trial; and thereafter the trial proceeded as if the amendment had been made. And after the plaintiffs again raised the question of the insufficiency of the answer to justify the judgment, and before judgment was entered, the defendant renewed his offer to make the requisite amendment. Under the liberal provisions of the Practice Act, the proposed amendment was admissible and proper. The court did right in conceding to the defendant leave to make the same. And it has been repeatedly held by this court, under certain limitations, that where, without objection, the trial is proceeded with as if a certain issue were made in the

pleadings it is too late after verdict to raise the objection that the issue was not in the pleadings. This has been held where the plaintiff has failed or neglected to reply to the new matter set up in the answer, yet the cause had proceeded as if the reply had been duly made. *Henslee v. Cannefax*, 49 Mo. 295; *Howell v. Reynolds County*, 51 Mo. 154; *St. Joseph Fire & M. Ins. Co. v. Harlan*, 72 Mo. 203. So it has been held, in respect of the denials of an answer, that although it should deny the allegations of the petition instead of denying the "material allegations" thereof, yet where the trial proceeds as if the issue were properly made, it is too late after verdict to take advantage of the defect. *Edmundson v. Phillips*, 73 Mo. 58. See also *Bray v. Seligman*, 75 Mo. 31; *Cythe v. Fountain*, 51 Barb. 194, and authorities cited. The statute, (§§ 3567, 3569, 3570,) expressly authorizes the court, at any time before final judgment, in furtherance of justice, to amend any pleading by inserting other allegations material to the case, or by conforming the pleading to the facts proved. The court shall, in every stage of the action, disregard such defects in the pleadings and proceedings as do not affect the substantial rights of the parties; and even after final judgment the court may, in furtherance of justice, amend the pleading in affirmance of the judgment, etc. The request of the defendant, after the motion in arrest was filed, to amend the answer should have been granted. It in no manner affected or prejudiced any substantial right of the plaintiffs. It was in conformity with the proofs already in. It required no additional evidence. It would have occasioned no surprise to the plaintiffs, nor in any wise changed the substantial issues in the case.

The court refused the application not on the ground that it came too late, but solely on the idea that the answer as it stood was sufficient to warrant the judgment. Had the court permitted the amendment as requested, it would not have been error. Its refusal to allow the amendment was error against the defendant.

As the judgment was for the defendant—the right party—we will treat the case as if the amendment was made, and affirm the judgment of the circuit court. All concur.