J. P. SMITH, Respondent, v. ST. LOUIS & SAN FRAN-
    CISCO RAILWAY COMPANY, Appellant.

31   135
157s 487
157s 492

### Kansas City Court of Appeals, May 10, 1888.

CHANGE OF VENUE—PROVISIONS FOR, IN CIVIL CASES PRIOR TO AND
    SINCE 1879.—Prior to the Revised Statutes of 1879 the provision of
    law, as to change of venue in civil cases, was thus: "Any party
    in such cause may present to the court, or the judge thereof in
    vacation, a petition setting forth the cause of his application for a
    change of venue; and shall annex thereto an affidavit to the truth
    of the petition; and allege that he has just cause to believe that he
    cannot have a fair trial on account of the cause alleged." (Gen.
    Stat., 1865, p. 634, sec. 3.   In the revision of 1879 (Rev. Stat.,
    sec. 3732), said section three, of the statute of 1865, was amended
    by inserting after the words "a petition setting forth the cause of
    the application for a change of venue," the following, "and when
    he obtained his information and knowledge of the existence
    thereof." *Held*, that the application, in this case, does not comply
    with the law; and to entitle a party to such change he must com-
    ply with all the substantial requirements of the statute, the right
    to a change of venue being purely statutory.

APPEAL from Jasper Circuit Court, HON. M. G.
McGREGOR, Judge.

*Affirmed.*

The case is stated in the opinion.

E. D. KENNA and E. C. O'DAY, for the appellant.

I.    Section 3729, Revised Statutes, provides that "a
change of venue may be awarded in any civil suit to any
court of record," for any one of the statutory reasons;
and this case, being a civil case, comes under its provis-
ions. 25 Mo. 526.   It also applies to a cause instituted
before a justice of the peace and appealed to the circuit
court and has been so held repeatedly in this state.   The
case of *Smith v. Monks*, 25 Mo. 107, was brought before
a justice of the peace of Howell county, and from there

appealed to the circuit court of said county, from which the cause was removed by change of venue to the circuit court of Ozark county, and from the last-named court the venue was again changed and the case removed to the circuit court of Webster county, where a trial was had and a judgment rendered, from which an appeal was taken to the Supreme Court. The Supreme Court affirmed the judgment of the trial court and overruled appellant's objection that the trial court had no jurisdiction of the cause. In the case of *Yalabusha Co. v. Corby*, 11 Miss. 529, on appeal from the board of police, the cause was carried into the circuit court of Yalabusha county, and on application the venue was changed to the county of Carroll, where a trial occurred, from which court a writ of error was sued out to the High Court of Errors and Appeals. The latter court reversed the trial court for the reason that the change of venue was not authorized by law. The statute of Mississippi (Howard & Hutchison 1840, p. 592) authorizing a change of venue is as follows: "When either party to any civil action instituted in a circuit court of this state shall desire to change the venue, he, she, or they shall make oath," etc. This statute authorizing the change is restricted in its very terms to actions instituted in a circuit court. The Mississippi statute uses the language "when either party to any civil action instituted in a circuit court of this state desires to change the venue he, she, or they shall make oath," etc., while our statute uses the language, "a change of venue may be awarded in any civil suit to any court of record for any of the following causes," etc. The one statute expressly prohibits the awarding of a change of venue except in causes instituted in a circuit court, while the other expressly provides "that a change of venue may be awarded in any civil suit to any court of record." Any construction of section 3729, Revised Statutes, 1879, which restricts it to cases instituted in the circuit court does violence, not only to its terms and spirit, but also to reason and common sense.

II.  The lower court erred in overruling plaintiff's application for change of venue.  The application complied with the provisions of the statute both as to recitals and verifications, and the court had no discretionary power in the matter, but was bound to grant the prayer of appellant for a change of venue.  The statute leaves no discretion to the court to refuse to change the venue. The mandate of the statute, when its requirements have been observed, is peremptory.  The court has no discretion, and when a party moving for a change of venue brings himself within its provisions, he is entitled to its benefits, and he is not dependent upon the caprice of the trial judge.  The court must grant the change of venue. *Frelegh v. State*, 8 Mo. 607 ; *Reed v. State*, 11 Mo. 380 ; *Dowling v. Allen*, 88 Mo. 293 ; *Mix v. Kepner*, 81 Mo. 93 ; *Shattuck v. Meyers*, 13 Ind. 46 ; 36 Iowa, 68 ; 7 Wis. 155 ; *Edwards v. State*, 25 Ark. 445.  "It is error to overrule a motion for a change of venue in a civil case where the affidavit on which the motion is based conforms to the statute."  "The court has no discretion in civil suits."  *Walsh v. Ray*, 38 Ill. 31.

III.  Reasonable notice of the application for change of venue was given, and this is all that is required by the law. *Reed v. State*, 11 Mo. 379 ; *Corpenny v. Sedalia*, 57 Mo. 88.

IV.  The application was not too late. *Hewger v. Kipp*, 31 Kan. 636 ; *Corpenny v. Sedalia*, 57 Mo. 88 ; *Hoke v. Applegate*, 88 Ind. 530.

THOMAS & HACKNEY, for the respondent.

I.  The pretended notice was, in fact, no notice.  It was proper for the court to disregard it as being neither reasonable nor sufficient.  No date was specified at which the application would be made.

II.  The application came too late.  The filing of the affidavit and bond for appeal with the justice was an entrance of appearance in the case by the appellant. Sess. Acts, 1885, p. 187.  The appellant was then in court for all purposes, and if the inhabitants of the county

were prejudiced against appellant, it could have given notice and made application for change of venue to the circuit judge in vacation. Rev. Stat., 1879, secs. 3732, 3733. "When cause for change of venue exists, the application should be made at the earliest opportunity; and if the knowledge thereof is acquired in vacation, the application should be made to the judge at chambers." *Moss v. Johnson*, 22 Ill. 633; *State to use v. Matlock*, 82 Mo. 457. There is nothing in the application to indicate that the appellant did not have knowledge of the cause for a change prior to the first day of the term of the circuit court. The appellant certainly had knowledge of the existence of the cause for a change, if any existed, on the first day of the term when the pretended notice was given, and the application should have been made earlier than the third day of the term, when the cause was for trial, and witnesses had been subpœnaed and were in attendance. And as to whether the application was filed in time was a question resting in the sound discretion of the trial court. *State to use v. Matlock*, 82 Mo. 457.

III. The application is insufficient in averments. Neither the petition nor the affidavit sets forth when appellant obtained its information and knowledge of the existence of the alleged prejudice of the inhabitants. Prior to the revision of 1879, the statute did not require the applicant to state when the information and knowledge of the existence of the cause alleged was received. Gen. Stat., 1865, p. 634, sec. 3. But since the amendment of 1879, this must appear either in the petition or affidavit in every such case. Rev. Stat., sec. 3732. The right to change of venue is purely statutory, and to authorize a change the party applying must comply with all the terms of the statute. *Huthsing v. Maus*, 36 Mo. 108; *Lervin v. Dillie*, 17 Mo. 298.

IV. The application was not sworn to as the statute requires. It does not appear that it was sworn to before an officer whose term of office had not expired. Rev. Stat., sec. 6462.

PHILIPS, P. J.—The only question presented by this appeal for our determination is, whether or not the circuit court erred in denying a change of venue to the defendant. The application is as follows : "The defendant above named prays the court to grant it a change of venue in the above entitled cause, and for grounds of such change said defendant states that the inhabitants of said county of Jasper are prejudiced against the defendant herein." The affidavit is as follows :

"W. H. Phelps being duly sworn, on his oath states that he is the attorney for the above named defendant and has the sole and entire management of said cause for and on behalf of said defendant corporation, and that the facts stated in the above petition are true and that he has just cause to believe and does believe that the said defendant cannot have a fair trial in said Jasper county, on account of the cause alleged

"W. H. PHELPS."

The court refused to grant the application. On trial, judgment went for plaintiff, and defendant has appealed.

The appellant asserts in its brief here that the court assigned as a reason for denying the application that the statute authorizing changes of venue in the circuit court applies only to cases originating in the circuit court, and not to the instance of cases coming by appeal from justices' courts. There is nothing in the record to indicate the grounds of the action of the court ; and plaintiff contends it was based on the insufficiency of the notice and application. We can only consider the case as it appears of record.

Prior to the Revised Statutes of 1879 the provision of law applicable to such cases read as follows : "Any party in such cause may present to the court, or the judge thereof, in vacation, a petition, setting forth the cause of his application for a change of venue, and shall annex thereto an affidavit to the truth of the petition, and allege that he has just cause to believe that he cannot

have a fair trial on account of the cause alleged." Gen. Stat., 1865, p. 634, sec. 3.   In the revision of 1879 (sec. 3732) said section of the statute of 1865 was amended by inserting after the words, "a petition setting forth the cause of the application for a change of venue", the following, "and when he obtained his information and knowledge of the existence thereof." It will be observed that neither the petition nor the affidavit in question contain the words last quoted. It is not necessary to inquire into the policy or motive of the legislature in interpolating these words into the statute. It is sufficient for the courts to know that the statute is so written; and it presents a case where the statute must stand for a reason.    *Young v. Glasscock*, 79 Mo. 578. This is the only section of the statute, aside from section 3731 (which has no application to the facts of this case), which prescribes what the petition shall contain and recite.   The right to a change of venue is purely statutory, and to entitle a party to such change he must comply with all the substantial requirements of the enabling act. *Huthsing v. Moss*, 36 Mo. 107–8. This radical defect in the petition was sufficient to justify the action of the court in refusing the application. It is, therefore, unnecessary to search out or consider other grounds of objection.

It follows that the judgment is affirmed.    All concur.