PLANO MANUFACTURING COMPANY, Appellant, v. JAMES
CUNNINGHAM, Defendant; SAMUEL SILVERTON,
Interpleader, Respondent.

Kansas City Court of Appeals, January 24, 1898.

1. **Attachment:** INTERPLEA: TIME OF OWNERSHIP. The ownership
and title to possession used in the issues of an interplea in an attach-
ment suit mean ownership and title at the time of the institution of
the attachment, especially where the instructions of both parties so
regard it.

2. ———: JUDICIAL NOTICE: CROPS: LANDLORD AND TENANT. Courts
will take judicial notice of the time when crops mature within their
territorial jurisdiction and corn can not be prudently, nor is it
customarily, gathered in Vernon county for two months after the
seventeenth of August; and on the latter date the landlord who takes
part of the crop for his rent is not entitled to the possession thereof
as against the tenant even though he has an inchoate lien for his
rent.

3. ———: INTERPLEA: LANDLORD AND TENANT: ACTION OF SHERIFF:
PLEADING. Where an attachment against the landlord is served on
growing crops in possession of the tenant, evidence offered at the
trial that the sheriff had subsequently turned over part of the
attached crop to the landlord is not admissible under a general denial
to the tenant's interplea since that was a matter occurring after the
institution of the attachment and must be specially pleaded.

4. ———: ———: INSTRUCTION. The instructions of both plaintiff and
interpleader followed the allegations of the interplea that the inter-
pleader was the owner entitled to the possession, etc., and there was
no allegation or proof of any special ownership in the interpleader.
*Held*, the instructions were proper.

5. **New-Trials:** PERJURY: JUDICIAL DISCRETION. While the statute
authorizes a new trial and the court is satisfied that perjury has been
committed and an improper verdict reached thereby and affidavits in
support of a new trial tended strongly to show perjury on a material
question, yet the appellate courts will not interfere with the discre-
tion of the lower court in ruling on motions for a new trial in the
absence of unjudicial discretion by such courts.

6. Attachment: INTERPLEA: PROPERTY SOLD: VERDICT. Where attached property has been sold, the issue on an interplea is still whether the property is that of the interpleader or not, and the verdict should respond to that issue instead of being for money.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Cole & Burnett* and *Ellis, Reed, Cook & Ellis* for appellant.

(1) In attachment proceedings an interplea is in the nature of an action of replevin, engrafted thereon by the statute. *Hellman v. Pollock,* 47 Mo. App. 205; *Huiser v. Beck,* 55 Mo. App. 668. And under the law, as declared by the decisions of the appellate courts in this state, it is proper to settle the equities of the parties in this form of action. *Boutell v. Warne,* 62 Mo. 350; *Hickman v. Dill,* 32 Mo. App. 509, *loc. cit.* 515; *Peters v. Lowenstein,* 44 Mo. App. 406. (2) The truth of the statement of interpleader that he had rented the land by an arrangement with Bishop, the agent of Ellis, owner of the land, became of paramount importance. It was upon the basis of this alleged renting he claimed the attached property. Under the circumstances the court should have awarded a new trial. R. S. 1889, sec. 2240.

*Wight & Wight* for respondent.

(1) The theory of the instruction given by the court was in conformity with the issues presented by the pleadings. Any qualification of it in regard to what the interpleader was entitled to recover, would have been error. *Beck v. Wisely,* 63 Mo. App. 239; *Wright v. Fonda,* 44 Mo. App. 634; *State ex rel. v.*

*Sitlington*, 51 Mo. App. 255; *Nail v. R'y*, 97 Mo. 74; *Bender v. Dugan*, 99 Mo. 130. Any equitable defense or right that they desire to rely on should have been pleaded and all the matters and facts set forth that give rise to it. See *Clark v. Bank*, 57 Mo. App. 277. (2) The statement of the interpleader that he had rented the farm from Bishop, as agent, or was permitted to go on the farm by Bishop or the owner of the land, is certainly material and important. There was not one scintilla of evidence adduced on the trial of the case to impeach this statement but the plaintiff now has presumption to bring forward an *ex parte* deposition—taken after the verdict—and ask the court to brand the interpleader as a perjurer and to grant them a new trial because of the "false character of interpleader's statement." To sustain them in this they cite Revised Statutes of 1889, section 2240. This is not a case, we think, that falls within any grounds for new trial enumerated in that section.

SMITH, P. J.—The plaintiff sued the defendant by attachment to recover $132 on a promissory note. The writ was levied on thirty acres of corn in the field and two stacks of wheat.

The interpleader, by leave of court, filed his interplea claiming that the attached property was not that of the defendant but of the interpleader. The plaintiff by its answer put in issue the allegations of the interplea. There was a trial resulting in judgment for interpleader and the plaintiff appealed.

The plaintiff complains of the action of the court in giving for interpleader an instruction which told the jury that if they believed from the evidence that the interpleader was at the time the property was attached the owner or entitled to the possession thereof to find for him.

ATTACHMENT: interplea; time of owership.

The court, at the request of the plaintiff, by an instruc-
tion further told the jury that before the interpleader
was entitled to recover the property in controversy he
must prove to their satisfaction by a preponderance of
the evidence that he was the owner thereof at the time
of the attachment. The issue made by the pleadings
was whether the plaintiff was the owner and entitled
to the possession of the attached property. Owner
and entitled to the possession at what time? We
answer at the time of the attachment, for the reason,
if for no other, that both the instructions already
referred to of plaintiff and interpleader, submitted the
case to the jury on that distinct theory. The jury
was required by these instructions to determine the
ownership at the time of the attachment; the plaintiff,
therefore, can not be heard to complain of the error,
if such it was, that was common.

The plaintiff further contends that the inter-
pleader's instruction is further erroneous in permitting
a recovery for the entire crop of corn
—: judicial no-
tice: crops: land-  attached. The corn in dispute was
lord and tenant.
attached on the seventeenth day of
August, 1895. The ownership of the interpleader is,
as we have seen, to be determined as of that date.
Now suppose, as the plaintiff insists, that the inter-
pleader was then bound by the obligation of his lease
to his landlord to deliver in the crib at gathering time
one third of the corn grown by him on the leased
premises in discharge of the rent, was he, nevertheless,
not then the owner of the corn and entitled to the pos-
session thereof? The courts will take judicial notice
within their territorial jurisdiction of the season of the
year in which such cereals as corn, wheat and oats
usually mature and are harvested. Corn does not
usually mature in Vernon county by the seventeenth
of August. Nor can it be prudently, nor is it custom-

arily gathered for two months later. It could hardly be contended that the landlord was either the owner or entitled to the possession of one third of the corn at the time of the attachment. The annual rent was not due at that time. *McFarlane v. Williams*, 107 Ill. 33.

It is true the landlord had a lien on the crop for the rent, but until the interpleader, as tenant, was in arrears with respect thereto, the lien could not be enforced. The landlord was not entitled to the possession of the crop at the time of the attachment. The interpleader was in the lawful possession of the premises and of the ungathered crop of corn standing thereon. If he was deprived of the possession by the attachment he had a right to regain it.

If the sheriff levying the attachment afterward turned over any part of the crop to the landlord, that did not raise an issue that could be investigated under the pleadings in the present case. Such evidence did not tend to prove that the interpleader at the time of the levy of the attachment was not the owner in law or in fact of the corn and was not entitled to the possession thereof. Where, as here, the interpleader's general allegation of ownership of the attached property and consequent right of possession are put in issue, any proof on the part of the plaintiff which went to show that the interpleader at the time of the levy of the attachment, was not the actual owner and was not entitled to the possession thereof, was admissible under general issue,

——: interplea: landlord and tenant: action of sheriff: pleading.

even though it extended to the issue of fraud in the acquisition of the interpleader's title, or that the ownership was in a third party. *Young v. Glascock*, 79 Mo. 577, and cases there cited. The rule is that where a cause of action which once existed has been determined by some matter which subsequently transpired, such new matter must be specially pleaded.

*Greenway v. James*, 34 Mo. 328; *Young v. Glascock*, *supra*. The interpleader was the owner and consequently entitled to the possession of the property at the time of the attachment and if, after this, any change took place in the status of the property, or if the sheriff turned over part of it to the interpleader's landlord so that the interpleader's rights, with respect to the ownership, were altered or diminished, this, if a matter of defense according to the rule just adverted to, should have been specially pleaded. Such evidence was not admissible under the general issue pleaded.

It was alleged in the interplea that the interpleader was the owner and entitled to the possession of the property. The instructions of both interpleader and the plaintiff were, in substance, alike, except that of the interpleader contained the additional words, "or entitled to the possession." The evidence of the plaintiff tended to show that he was the owner of the property, and therefore entitled to the possession. There was no evidence adduced tending to show that he claimed to be entitled to the possession otherwise than as the absolute and unqualified owner. The instruction, therefore, in telling the jury that if they believed from the evidence that the interpleader was the owner "or entitled to the possession" to find for him, was not improper. It was no more than a declaration to the effect that if he was the owner and entitled to the possession of the property he ought to recover. There was no allegation or proof offered that the interpleader claimed a mere special ownership in or lien upon the property and that he predicated his right to the possession on such special ownership or lien. If the interpleader's instruction is broader than the issue made by the pleadings we can not see, in view of the

evidence just alluded to, how the plaintiff was in any way harmed thereby. We therefore are not of the opinion that the plaintiff's objections to the interpleader's instruction were well taken.

At the trial the interpleader testified that he had rented the land on which the crop of corn in controversy was grown, of one Bishop, who was the agent of Ellis, the owner. This was material. After the verdict the plaintiff filed a motion for a new trial, alleging as grounds therefor, amongst others, that the interpleader had at the trial committed willful perjury in giving, the foregoing testimony. And in support of this ground of its motion produced the affidavit of Bishop, the person referred to in the testimony and motion, which was to the effect that the affiant never had any business with the interpleader in reference to the Ellis farm, and that he had never rented it to him at any time, etc. The statute is that a new trial may be granted "when the court is satisfied that perjury has been committed by a witness and is also satisfied that an improper verdict has been occasioned by it and that the party has a just cause of action or defense." R. S., sec. 2240. This is a separate and distinct ground on which a court may grant a new trial. The supervisory courts will not interfere with the discretion exercised by the lower court in granting or refusing a new trial in the absence of the appearance of unjudicial discretion. An indiscriminate interference by them with matters of pure discretion in such lower courts would, in the end, be productive of more injustice than the refusal to interfere in any case. It frequently happens that there are circumstances influencing the action of the lower court which can not be spread upon the record. These considerations should

*New trials: perjury: judicial discretion.*

induce the greatest caution on our part in the exercise of the power of review. *Rickroad v. Martin*, 43 Mo. App. 597; *Fretwell v. Laffoon*, 77 Mo. 28.

The lower court heard the testimony of the interpleader, together with that of all the other witnesses, and though it appears that Bishop flatly contradicts the interpleader yet there may be some fact or circumstance corroborative of interpleader's testimony developed during the progress of the trial, not brought upon the record, or if so very imperfectly, which influenced the exercise of the court's discretion, but the full force of which can be neither seen nor fully appreciated by us, so that we are unwilling to say that the court's exercise of discretion in refusing to grant a new trial was unjudicial. The lower court was better able than we to determine from the entire case before it whether or not the interpleader committed perjury in giving his testimony. It may be, too, that the court may have been satisfied of the perjury, but not that the verdict was occasioned by it, or that the plaintiff had a just defense. We therefore do not feel at liberty to interfere with the discretion of the court in refusing a new trial.

Where the property attached has been sold, the issue on the interplea is still whether the property is that of the interpleader or not, and the verdict must respond to that issue instead of being for the money. *Nolan v. Deutsch*, 23 Mo. App. 1; *Mills v. Thompson*, 61 Mo. 415; *Hewson v. Tootle*, 72 Mo. 632. Applying this rule to the verdict and judgment in the present case, it is obvious the plaintiff's objection thereto is without merit.

ATTACHMENT: interplea: property sold: verdict.

After looking through the whole record we have been unable to discover that any error was committed

by the lower court against the plaintiff materially affecting the merits, and it therefore results that the judgment must be affirmed.   All concur.