G. B. PULLER, Appellant, v. W. H. THOMAS, Respondent.

St. Louis Court of Appeals, April 29, 1889.

1. **Practice, Appellate:** BILL OF EXCEPTIONS : MOTIONS. A paper copied into the record and purporting to be a bill of exceptions, but which is not signed or authenticated by the judge, is not a bill of exceptions, and must be treated as a nullity by the appellate court. Nor will a motion for a new trial, or in arrest, be considered on appeal, if not contained in a bill of exceptions. Such motions are not entitled to attention because copied into the record and attested by the clerk.

2. **Replevin :** DEMAND FOR RETURN OF PROPERTY : ASSESSED VALUE. If the defendant in an action of replevin does not claim the property and demand the return thereof, he cannot, in the event of recovery, have at the same time a judgment on the replevin bond for the assessed value. In such case, he will be entitled to a judgment for the return of the property only, and if the plaintiff fails to comply, the remedy will be by suit against him and his sureties on the replevin bond.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Silsby & Buckley*, for the appellant.

On the first assignment of errors we urge that as the defendant's answer is a general denial only, it would not authorize a verdict assessing the value of the goods, the defendant not having the possession. R. S., sec. 3854; *Young v. Glasscock*, 79 Mo. 574. As to the second error, we maintain that it was error to render judgment for the entire property or its value, for the defendant held only a lien as constable in favor of creditors, and was only entitled to so much of the property, or so much of its value as would be sufficient to pay off the creditors

for whom he had levied writs of attachment against plaintiff's vendor. *Dilworth v. McKelvey,* 30 Mo. 149 ; *Fallon v. Manning,* 35 Mo. 271 ; *Gillham v. Kerone,* 45 Mo. 487 ; *Nelson v. Luchtemeyer,* 49 Mo. 56 ; *Boutelle v. Warne,* 62 Mo. 350 ; *Dougherty v. Cooper,* 77 Mo. 535 ; *Kerr v. Drew,* 90 Mo. 147.

BIGGS, J., delivered the opinion of the court.

In disposing of the appeal in this case, we can only review matters arising upon the record proper. There is no bill of exceptions in the case. The clerk has copied into the transcript what purports to be a bill of exceptions, but it does not appear that the original was authenticated by the signature of the trial judge. The only evidence that this paper is a part of the record, is the certificate of the clerk immediately preceding it, as follows: "Now comes the said plaintiff, by his attorney, and presents his bill of exceptions in this cause, and the same, after being duly examined by the court and found correct, is signed and sealed by the judge of said court, filed by the clerk, and made a part of the record and proceedings in said cause. Which said bill of exceptions is in words and figures following, to-wit," etc. It does not appear that this pretended bill of exceptions received the signature of the presiding judge. The judge alone can make a record ; the clerk has no such power, the latter is a mere ministerial officer of the court. *McNeil v. Ins. Co.,* 30 Mo. App. 306, and authorities cited.

We dislike to dispose of a case without doing so on the merits, but in transmitting cases to this court, some regard must be had for the course of procedure, which has not only the sanction of statutory enactment, but has been recognized by all courts to be necessary to the safe and proper administration of the law. And even if it appeared that the bill of exceptions had been signed by the judge, we could not pass on the questions

presented and argued in appellant's brief, for the reason that the motions for new trial and in arrest are not contained in the supposed bill of exceptions.

It is a well-established rule of procedure that no motion can form a part of the record, unless embodied in the bill of exceptions. *McNeil v. Ins. Co., supra.* The clerk in this case has copied the motions for new trial and in arrest, as part of the record proper. This action by the court could not possibly make the motions a part of the record. This could only be accomplished by having them embodied in a bill of exceptions, and this signed by the judge.

The paper copied into the transcript does not call for any instructions, and no instructions anywhere appear in the record. Yet counsel for appellant in his brief has raised and discussed some very interesting legal questions growing out of the instructions in the case.

The requirements of the law, as to the form of transcripts, are very simple, and ought to be readily understood, and we take the occasion to suggest, that if the legal questions or the amount involved in any case, are of sufficient importance to authorize a review by an appellate court, then some one ought to take the pains to see that the record is in such a shape that the appellate court would be justified in reviewing the action of the lower court.

In this case we can only consider the petition, answer, process, and final judgment, and if we find that the final order or judgment of the court was authorized by the pleadings, then the judgment of the trial court must be affirmed.

This is an action of replevin and plaintiff's petition is in the ordinary form. The property was taken from the possession of defendant and delivered to plaintiff.

Defendant filed an answer which was a general denial, but he failed to demand a return of the property. There was a trial by jury which resulted in the

following verdict, to-wit : " We the jury find the issues for the defendant and assess the value of the property in controversy at the sum of one hundred and seventy-five (175) dollars."

Thereupon the court entered the following final judgment : " It is therefore considered by the court, that the said defendant have and recover of and from the plaintiff the possession of the property described in said petition and affidavit, to-wit,—one lot of cigars, confectioneries and fixtures heretofore taken from defendant by virtue of an order of this court and delivered to plaintiff, and that said defendant have and recover of and from the said plaintiff his costs," etc.

We do not see that any other judgment could have been rendered. If the court had in addition rendered judgment against the plaintiff and his sureties on the replevin bond for the assessed value of the property, this would have been error. If a defendant in such a case wishes to avail himself of such a judgment, he must, in his answer, claim the property and demand a return thereof. ( Sec. 3854.) If defendant fails to make this averment in his answer, the summary remedy or judgment provided by section 3855, Revised Statutes, will be denied him, and he will only be entitled to a judgment for the return of the property as was done in this case ; and if the plaintiff fails to comply with the order and judgment of the court by returning the property, then the defendant's remedy would be by suit against the plaintiff and his sureties on the replevin bond.

The appellant urges other reasons why the judgment is erroneous, but as the objections urged involve a discussion of, or reference to, the evidence in the case, we are precluded from considering the objections, for the reasons previously stated in this opinion.

Finding no error in the record proper, the judgment of the trial court will be affirmed. All the judges concur.