MICHAEL FOWLER, Appellant, v. ALONZO CARR *et al.*, Respondents.

Kansas City Court of Appeals, November 20, 1893.

Replevin: ANSWER: GENERAL DENIAL: RETURN OF PROPERTY. When in replevin the answer is merely a general denial, and the property has been turned over to the plaintiff, and the finding is for the defendant, the pleadings will not sustain a judgment ordering a return of the property, or a money judgment for its assessed value.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADUS, Judge.

REVERSED AND REMANDED.

*J. L. Farris & Son* and *Hardin Steel* for appellant.

In an action of replevin in the circuit court, where plaintiff has obtained the possession of the goods, the defendants must, in their answer, claim the same and demand a return thereof; otherwise the court cannot upon a finding in their favor, give judgment against the plaintiff for their value. Revised Statutes, 1889, sec. 7489; *Young v. Glasscock*, 79 Mo. 574.

*Davis & Davis* for respondent.

GILL, J.—This is a replevin suit brought to recover a certain lot of corn, and which was turned over to plaintiff in the execution of the writ issued at the institution of the action.

The answer was merely a general denial. On a trial before the court, without a jury, the issues were found in defendant's favor, and the court entered a judgment for a return of the property to defendants, or for the value thereof fixed by the court at the sum of four hundred dollars. After unsuccessful motions for new trial, and in arrest, plaintiff brought the case here on appeal.

Under the state of the pleadings in this case the court was not warranted in awarding the judgment it did.

The statute provides: "If the plaintiff fail to prosecute his action with effect  *  *  *  and shall have the property in his possession *and the defendant in his answer claims the same and demands a return thereof,* the court or a jury may assess the value of the property taken and the damage for taking," etc. Revised Statutes, 1889, sec. 7489.

In the case at bar the defendants did not, in their answer, claim the property and demand a return thereof; they simply denied each and every allegation contained in the petition, nothing more. Hence under the statute, above quoted, defendants were not entitled to a judgment for a return of the property or to a money judgment for its assessed value as was given by the lower court. *Young v. Glascock,* 79 Mo. 574.

The motion in arrest ought to have been sustained. Judgment reversed and cause remanded. All concur.