CARTMELL MACHINE COMPANY, Plaintiff in Error,
v. WESLEY SIKES, Defendant in Error.

### St. Louis Court of Appeals, March 13, 1900.

Replevin: PLEADING AND PRACTICE: STATUTORY CONSTRUC-
TION. If the defendant in an action of replevin desires to recover
the possession of property taken from him by that writ, upon the
failure of the plaintiff to prosecute the action with effect, it is de-
fendants duty under the statute to claim the same in his answer,
and demand a return thereof.

Writ of Error to the Scott Circuit Court.—*Hon. Henry*
*C. Riley,* Judge.

REVERSED AND REMANDED (*with instructions*).

*Henry T. Kent,* for plaintiff in error.

There is one point in the record that is fatal to the
judgment. Plaintiff sued in replevin for a Springfield sep-
arator and an engine. The answer prayed that the "Spring-
field separator be adjudged the property of plaintiff." There
was no issue to be tried with regard to the separator. On
the pleadings thereunder it was admitted it was plaintiff's
property, and defendant did not, as provided in section 7489,
claim the property and demand its return, but the court
is asked to adjudge it to be plaintiff's. Notwithstanding the
condition of the pleadings the court submitted it as an issue
to the jury and they found for the defendant. For this

manifest error the case should be reversed.    Chemical Co. v. Nickells, 66 Mo. App. 684.

*Marsh Arnold* for defendant in error.

(1) Nowhere in defendant's answer is it admitted that the Springfield separator is not the property of defendant. On the contrary, it is alleged that plaintiff delivered the separator to defendant and took a mortgage thereon.    Moreover, there was a general denial in the first count of the answer.    (2) Defendant also asked equitable relief; to have the notes, contracts and mortgage canceled, the Springfield separator adjudged the property of plaintiff, the engine the property of defendant, and a judgment of $150 for the Robinson separator (taken by plaintiff, which left in lieu thereof with defendant, the Springfield separator).    These equitable matters were not passed upon or tried.    Nothing was tried but the legal issues.    The allegations in the answer show that both parties recognized the Springfield separator as the property of defendant; the plaintiff, by delivering it to the defendant, and taking a mortgage thereon, and the defendant, by receiving the property and executing such mortgage.    Surely, in the plea for equitable relief, to have the legal status of the parties as to this particular property reversed, involves no inconsistency, especially when such equitable issue was not tried, nor the relief asked granted.    (3) Admitting the ownership of the separator to be in plaintiff, this does not militate against defendant's right of possession.    Hazzard v. Hall, 5 Mo. App. 584; Hardy v. Graham, 63 Mo. App. 40. . (4) Defendant's answer "claims the property in controversy and demands the value thereof."    But this allegation is not necessary.    Here is a simple judgment for the recovery of the property and damages against plaintiff; not against plaintiff and his securities for assessed value, etc., as contemplated by Revised Statutes

1889, chap. 56, secs. 4473, et seq.    As said in Stroud v. Martin, 70 Mo. App. 651, "The omission did plaintiff no harm; it was a matter that defendant alone had cause to complain of."

BOND, J.—Plaintiff replevied from defendant a Springfield vibrating separator with appurtenances, and also one second-hand 12-horsepower traction engine.    Defendant's answer set forth his contract with plaintiff whereunder he acquired title to the property, and alleged a mutual agreement for the exchange of the Springfield vibrating separator for another of a different make; averred that plaintiff failed to comply with the terms of this agreement for substitution; prayed that his notes given for the purchase of the property should be delivered up and canceled, and concluded by asking "that said Springfield separator be adjudged the property of plaintiff, and the said 12-horsepower traction engine be adjudged the property of defendant," adding a prayer for judgment for damages.    The cause was submitted to a jury and a verdict rendered that the defendant was entitled to the possession of the Springfield separator complete and also the second-hand 12-horsepower traction engine, which latter was found to be of the value of $850, and defendant's damages were assessed in the sum of $200.    The court rendered judgment in accordance with the verdict of the jury, from which plaintiff brought the case to this court by a writ of error.

It is insisted by the learned counsel for plaintiff in error that the record proper discloses a fatal defect in the judgment rendered in the court below in this, that despite the fact that defendant in error failed to claim the Springfield vibrating separator in his answer and to demand the return thereof, the court adjudged the right to its possession to be vested in him.    This error is well assigned.    R. S. 1899, sec. 4473; Chemical Co. v. Nickells, 66 Mo. App. 689; Foster v. Carr,

55 Mo. App. 145; Young v. Glasscock, 79 Mo. 574.   If the defendant in an action of replevin desires to recover the possession of property taken from him by that writ upon the failure of the plaintiff to prosecute the action with effect, it is his (defendant's) duty to claim the same in his answer and demand a return thereof.   This is a statutory requirement, and must be complied with.   It is not claimed by the learned counsel for plaintiffs in error that any other legal error intervened in the obtention of the judgment in this case in the lower court.   The verdict rendered by the jury clearly warranted a judgment in defendant's favor, except for the possession of the new Springfield separator.   There is no valid reason why the other issues should be re-opened.   The judgment will therefore be reversed and the cause   remanded, with directions to the trial court to render judgment in favor of plaintiff in error for the possession of the new Springfield separator, and to render judgment in favor of defendant in error upon the other issues found in his favor by the jury. Judge *Bland* concurs; Judge *Biggs* dissents for the reason that in his opinion the answer of defendant contains a claim of the property and a prayer for its return.