## CABLE et al. v. DUKE et al., Appellants.

### Division One, December 24, 1907.

1. **APPELLATE JURISDICTION: By Whom Raised.** Where neither party raises the question of jurisdiction, the court itself may do so.

2. ————: **Replevin: Agister's Lien: Amount in Dispute.** Where the suit was for 208 head of cattle, alleged to be of the value of $6,500, claimed by plaintiffs under chattel mortgage, and put in their possession by the sheriff, in a replevin, and defendants make separate answers, all denying a partnership to exist among them, the mortgagor averring that he is not in possession of the cattle, and the others, to whom he had sold a lease, admitting possession, and the only question for determination, if any, is whether or not defendants are entitled to an agister's lien for the pasturage of the cattle, which they did not by their answer assert by way of damages, the amount in dispute is not sufficient to give the Supreme Court jurisdiction of the appeal.

3. ————: ————: ————: ————: **Value of Cattle Not Issue.** If defendants desired to make an issue of the value of the cattle or their damages, they should have by answer claimed the cattle, and demanded a return thereof and pleaded their damages under section 4473, Revised Statutes 1899.

4. ————: ————: ————: ————: **$1,100 or $1,200.** Where, even admitting that under the pleadings the right of defendants to an agister's lien for the cattle recovered by plaintiffs in replevin is an issue in the case, and that is the only issue for determination, and, even if allowed, that claim, under the evidence, cannot exceed $1,100, or $1,200, although the cattle themselves are alleged to be worth $6,500, the Supreme Court has no jurisdiction of the appeal.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

Transferred to Kansas City Court of Appeals.

*Thos J. Smith* for appellants.

*O. A. Lucas* and *T. W. Silvers* for respondents.

LAMM, J.—Plaintiffs brought replevin for 208 head of cattle, alleged to be of the value of $6,500, praying damages for their unlawful and wrongful detention in the sum of $1,000; and, recovering below (without damages), defendants appeal to this court.

No question of jurisdiction is put into the case by either party litigant; but it is axiomatic that a question of jurisdiction may be raised here or below; and it may be brought in by a litigant, or may obtrude itself on the notice of the court and be considered *sua sponte.* [May v. Jarvis-Conkling Mortgage Trust Co., 138 Mo. 447; City of Tarkio v. Clark, 186 Mo. l. c. 294.]

In the absence of a constitutional or Federal question there is only one allowable theory upon which to base our jurisdiction of this appeal, to-wit, "the amount in dispute." [Vanderberg v. Gas Co., 199 Mo. l. c. 458.] The question, then, is what is the amount in dispute in the case at bar? Attending to that, there were three defendants—two of them answering jointly, thus:

"Now come the defendants, W. H. H. Duke and F. M. Woods, and for their separate answer to the plaintiffs' petition herein admit that at the time of the institution of this suit they were in the possession of the cattle sued for.

"But they deny each and every other allegation in said petition contained, and especially deny that they, or either of them, were at the bringing of this suit, or prior thereto, partners of their codefendant, W. C. Woods.

"And having fully answered, they ask that plaintiffs' petition be dismissed and that they have judgment for their costs."

The foregoing answer was verified by affidavit.

The other defendant filed the following answer, also verified by affidavit:

"Now comes the defendant, W. C. Woods, and for his separate answer to the petition of the plaintiffs denies that at the time of the institution of this suit, or at any other time, he was a partner of his co-defendants as alleged in the plaintiffs' petition, or other-

wise. And further denies that at the time of the institution of this suit he was in possession of the cattle sued for, or any part of them.

"Wherefore he asks judgment against the plaintiff for his costs in this behalf."

The cause was tried on the foregoing paper issues. It is disclosed in the evidence that plaintiffs claim possession on a defaulted chattel mortgage, executed on the cattle in controversy by defendant W. C. Woods to them to secure money advanced. The petition averred that W. C. Woods and his co-defendants were partners. The answers, as seen, put in issue the allegation of partnership and otherwise were general denials, barring an admission of the allegation of possession in Duke and F. M. Woods. The bone of contention uncovered at the trial is an alleged agister's lien asserted by defendants. Defendants' case proceeds on the theory the mortgagor, a few months after executing the mortgage, and while the cattle were pasturing on lands demised by lease to all three defendants jointly, transferred his interest in the leasehold estate and the cattle-pasturing business to his co-defendant, F. M. Woods, his father (possibly as collateral security); and that at the time the replevin suit was brought he had no interest in the pasturage bill or in the claimed agister's lien, but that said bill and lien belonged to his co-defendants.

In a nutshell, plaintiffs' theory was that the agister's lien had no existence in law or fact.

There are other questions in the case, not related to the question of jurisdiction needing no present attention.

The court gave for plaintiffs the following instruction:

"The court instructs the jury that under the pleadings and evidence in this case the defendants have no legal lien on the cattle in controversy for pasturage.

Therefore, if you shall belive from the evidence that the said cattle are described in and covered by the chattel mortgage introduced in evidence, you should return a verdict in favor of plaintiff.''

And refused mandatory instructions to find for defendants: first, on plaintiffs' own evidence; second, on all the evidence of the case; and then refused eleven other instructions drafted on various theories of defendants' learned counsel not germane to the present discussion.

The jury returned the following general verdict for plaintiffs: ''We, the jury, find the issues in favor of the plaintiffs.''    Upon that verdict, the material part of the judgment follows:

''And plaintiffs, having heretofore voluntarily dismissed their suit as to all cattle sued for except the 193 head taken by the sheriff under the writ of replevin and by him delivered to them, and it appearing that plaintiffs are still in possession of said 193 head of cattle, it is therefore, by the court, considered and adjudged that plaintiffs retain the possession of said 193 head of cattle, and that they have and recover of and from the defendants their costs in this behalf laid out and expended and that execution issue therefor.''

It appears, then, that the property was taken under the writ of replevin from defendants and put into plaintiffs' possession, and remained in their possession for the purposes of the case.    That being so, section 4473, Revised Statutes 1899, is material in ascertaining ''the amount in dispute.''    It reads:

''If the plaintiff fail to prosecute his action with effect and without delay, and shall have the property in his possession, *and the defendant in his answer claims the same and demands a return thereof,* the court or a jury may assess the value of the property taken, and the damages for taking and detaining the same for the time such property was taken or detained

from defendant until the day of the trial of the cause.''

Referring again to defendants' answers, it will be seen at once that neither of those pleadings complies with, or was drafted under, the foregoing statute — neither claims the property or demands return thereof. If defendants, jointly or severally, desired to make an issue of the value of the cattle, or the damages for taking and detaining the same (which issues alone would produce an amount in dispute sufficient to give us jurisdiction), they should have claimed the cattle and demanded a return thereof and pleaded their damages. Failing to do that, defendants were not entitled to an assessment of their value in the pending suit, nor of the damages for detention, unless the statute is meaningless. Is it meaningless? Certainly not. The most favorable judgment defendants (if successful) could have, in the state of these pleadings, would be a general finding in their behalf, which would carry costs and leave the question of value of the cattle to be determined in other litigation, if at all. [See authorities, *infra*.]

In Young v. Glascock, 79 Mo. 574, it was held (quoting from the *syllabi*): ''In an action of replevin, if the plaintiff has obtained possession of the goods, the defendant must, in his answer, claim them and demand a return thereof; otherwise the court cannot, upon a finding in his favor, give judgment against the plaintiff for their value.'' The precise question has not been here since, but that case has been followed by a line of live decisions in the courts of appeals, illuminating the matter in all its phases. [St. Louis Drug Co. v. Dart, 7 Mo. App. 590; Puller v. Thomas, 36 Mo. App. 105; Fowler v. Carr, 55 Mo. App. 145; Merrill Chemical Co. v. Nickells, 66 Mo. App. 678; Pallen v. Bogy, 78 Mo. App. l. c. 98, *et seq.*; Cartmell Mach. Co. v. Sikes, 83 Mo. App. 565; Anthony v. Carp, 90

208 Sup—36

Mo. App. l. c. 394; Walker v. Robertson, 107 Mo. App.
l. c. 575.]

There was evidence tending to prove that the pasturage bill for the replevined cattle, for which the agister's lien was claimed, amounted to between $1,100 and
$1,200. So that, if we should even go so far as to hold
that the amount of said bill was in dispute as the
value of the lien, under a general denial (see Anthony v. Carp, *supra*), yet such holding would not
give us jurisdiction; nor does any other amount in dispute disclosed by this record give it.

Hence, it must be held this court has no jurisdiction. So holding, the cause is transferred to the
Kansas City Court of Appeals for its determination.

All concur.