# KELLER BROTHERS MERCANTILE COMPANY, Appellant, v. WALTER W. HOLMES et al., Respondents.

### Springfield Court of Appeals, May 6, 1912.

1. **REPLEVIN: Pleading: Answer: Judgment for Possession.** In an action in replevin the answer of the defendant is examined and *held* sufficient to justify a judgment in his favor for a return of the property, the possession of which plaintiff had obtained by giving bond.

2. ———: ———: ———: ———: **Election to Take Value.** Under sections 2647 and 2648, Revised Statutes 1909, it has been uniformly held that in order to entitle the defendant to an assessment of the value of the property replevined, and the right to an election to take the value instead of the property, the defendant must in his answer claim the property and demand a return thereof.

3. ———: ———: ———: ———: ———. The general rule is that under a general denial in an action in replevin, a finding in defendant's favor will authorize a judgment for the return of the property to defendant, if the evidence shows him entitled thereto. And especially is this true if the answer alleges ownership in defendant or a third party under whom he holds, although not coupled with a prayer for the return of the property.

4. ———: ———: ———: ———: ———. Where the jury has found in favor of defendant in an action in replevin and the defendant elected to take the property before judgment and judgment was entered accordingly, the question of the right or duty of the jury to assess the value of the property is eliminated.

5. ———: **Judgment: Costs.** Where one of the defendants in an action in replevin filed only a general denial and claimed no right to the possession of the property and the evidence showed that the other defendant was entitled to the possession of the property, the first defendant is entitled to a judgment in his favor for the costs only.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*Frank L. Forlow* for appellant.

(1) In an action of replevin if the plaintiff has obtained possession of the property the defendant must in his answer claim it and demand a return thereof, otherwise the court cannot upon a finding in his favor give judgment against the plaintiff for its value. Young v. Glasscock, 79 Mo. 574. (2) In the case of Cable v. Duke, in the 208 Mo. 557, LAMM, J., in the opinion of the court, makes the above quotations from the case of Young v. Glasscock and adds that, "The precise question has not been heard since but that case has been followed by a line of live decisions in the Courts of Appeals, illuminating the matter in all its phases." Drug Co. v. Dart, 7 Mo. App. 590; Puller v. Thomas, 36 Mo. App. 105; Fowler v. Carr, 55 Mo. App. 145; Chemical Co. v. Nickells, 66 Mo. App. 678; Pallen v. Bogy, 78 Mo. App. 1; Cartmell Machinery Co. v. Stykes, 83 Mo. App. 565; Anthony v. Carp, 93 Mo. App. 394; Walker v. Robertson, 107 Mo. App. 575. (3) If the respondents desire to recover possession of the property it is their duty to claim and demand its return in their answers. Cartmell v. Stykes, 83 Mo. App. 565.

*W. J. Owen* for respondents.

(1) The defendant Holmes answered by general denial and in addition thereto asserted his right to the property under execution held by him, as constable of the township where judgment was rendered, and defendant Ingraham answered by general denial, both answers, putting in issue the title of and right to possession by plaintiff. Under the general denial even where the property is not claimed nor the return thereof demanded the defendant would be entitled to judgment for the return of the property and for costs if nothing more. Pullis v. Thomas, 36 Mo. App. 108; Chemical Co. v. Nickells, 66 Mo. App. 692; Cable v.

Duke, 208 Mo. 561; Anthony v. Corp., 90 Mo. App. 394. (2) Where title is denied replevin cannot be maintained upon a mere naked possession and it is the settled law of this state that the plaintiff in an action of replevin, where title is denied must prove a general or special interest and a right to the immediate possession of the property replevined, and before the plaintiff in this case was entitled to judgment it was bound to show a general or special property interest and a right to the immediate possession of the horse and buggy replevined. Not only did it fail in this, but the evidence shows beyond question that at the time this suit was instituted, Chas. Keller, the execution debtor, and not this plaintiff, owned this property and that no one was entitled to the immediate possession of same against the defendant Holmes. Metal Co. v. Daugherty, 204 Mo. 80; Poe v. Stockton, 39 Mo. App. 556. (3) Thus property was in the possession of constable when replevied. The finding of the jury was that the plaintiff had no title and where property is replevied by a stranger to title, who fails to maintain his action, the defendant, though having only a special interest therein, is entitled to recover the entire value of the property. Fallen v. Manning, 35 Mo. 271; Dilworth v. McKelvy, 30 Mo. 150; Frei v. Vogel, 40 Mo. 150; Blobaun v. Gambs, 56 Mo. 185; Nelson v. Luchtemeyer, 49 Mo. 56. (4) The successful party does not lose his right to possession of the property, until after he has elected to take its value. Koelling v. Gast Co., 103 Mo. App. 101. (5) Plaintiff's ownership is denied and on that issue the findings are against it. How then can it be injured by the failure of the jury to determine the defendant's interest in the property, or that the defendant has a judgment for the return of the property only, having elected to take the property and remit all damages? Stroud v. Morton, 70 Mo. App. 650; Absher v. Franklin, 121 Mo. App. 36.

COX, J.—Action in replevin. Judgment for defendant against plaintiff alone—the sureties on replevin bond not being included—for return of the property and plaintiff has appealed. The property involved is a horse and buggy. The defendant Holmes is constable and had levied upon the property under an execution against Charles Keller. The plaintiff brought this action in the circuit court alleging in the usual way that it was entitled to the possession of the property and fixed its value at $145. The defendant Holmes answered alleging that the property was the property of Charles Keller and that judgment had been obtained against said Charles Keller by one Ingraham, a codefendant in this action; that execution was issued upon said judgment; that he, as constable, had levied upon the property under this execution and was holding it thereunder when this action was commenced. The closing part of the answer is as follows: "Defendant further states that he as such constable is entitled to the immediate and exclusive possession of the said property until such time as such judgment, execution and costs are fully paid and satisfied.

Having fully answered defendant asks to be hence dismissed with his reasonable costs herein sustained.

Plaintiff replied with a general denial. Plaintiff gave bond and secured possession of the property and had possession at the time of the trial.

At the trial it was conceded that Charles Keller had owned the horse but plaintiff claimed to have purchased it from him before the levy of the execution. Plaintiff claimed that the buggy had never belonged to Charles. The issue tried was the question of ownership of the property and the jury found in defendant's favor. The jury by their verdict assessed the value of the property as alleged in plaintiffs' petition but defendant immediately elected to take the property and judgment was entered against plaintiff for a return of the property to defendant.

Appellant insists that the answer of defendant does not ask a return of the property as required by the statute and for that reason the court could not adjudge its return. The statute relied upon is section 2647, Revised Statutes 1909, which is as follows: "If the plaintiff fail to prosecute his action with effect and without delay and shall have the property in his possession and the defendant in his answer claims the same and demands a return thereof, the court or a jury may assess the value of the property taken and the damages for taking and detaining the same. . . ." Section 2648 provides that in such case judgment shall be against the plaintiff and his sureties for a return of the property or to pay the value thereof at the election of defendant. These sections apply to actions begun in the circuit court. Under these sections of the statute it has been uniformly held that in order to entitle defendant to an assessment of the value of the property and the right to an election to take the value instead of the property the defendant must in his answer claim the property and demand a return thereof as provided in section 2647. [Fowler v. Carr, 55 Mo. App. 145; Chemical Co. v. Nickells, 66 Mo. App. 678; Young v. Glasscock, 79 Mo. 574; Cable v. Duke, 208 Mo. 557, 106 S. W. 643.]

Prior to 1860 what is now section 2647 required the court or jury to assess the value of the property and damages for its detention in all cases in which plaintiff had taken possession and the finding was in defendant's favor. At that time what is now section 2648 was in force in its present form, Revised Statutes 1855, page 1245, section 12, and no amendment was made thereto.

The general rule is that under a general denial, a finding in defendant's favor will authorize a judgment for the return of the property to defendant if the evidence shows him entitled thereto, and especially is this true, if the answer alleges ownership in defend-

ant or a third party under whom he holds, although
not coupled with a prayer for the return of the prop-
erty. [Cobbe on Replevin, secs. 782, 1111, and 1112;
Salter v. Southerland (Mich.), 60 N. E. 405; Timp v.
Dockham, 32 Wis. 146; Strett v. Morgan (Kan.), 67
Pac. 448; Wester v. Long (Kan.), 66 Pac. 1032.]

This same rule has been recognized in this state
also since the amendment of our statute in 1860 and
judgments similar to this one upheld when the answer
did not contain a formal demand for the return of the
property. [Puller v. Thomas, 36 Mo. App. 105; Cart-
mell Mach. Co. v. Sikes, 83 Mo. App. 565; Anthony v.
Carp, 90 Mo. App. 307.]   Our conclusion is that the
amendment of the statute in 1860 was not intended to
interfere with the right of defendant as it existed prior
thereto to a judgment for a return of the property
upon a finding in his favor should the evidence in the
case show him entitled thereto. · But the change in
the statute was made for the purpose of cutting off his
right to have the value of the property assessed and
then elect to take the value in lieu of the property,
should he so desire, unless he should conform his an-
swer to the requirement of the statute.

We are further of the opinion that the answer in
this case was in substantial compliance with the stat-
ute. It pleads all the facts showing the nature of de-
fendant's interest in the property and asserts that he
is "entitled to the immediate and exclusive posses-
sion of said property." When the facts showing de-
fendant's right to retain possession are pleaded as a
defense to plaintiff's claim this is equivalent to a de-
mand for its return. [Pico v. Pico, 56 Cal. 453.]

Since defendant Holmes elected to take the prop-
erty before judgment and judgment was entered ac-
cordingly, the question of the right or duty of the jury
to assess the value is eliminated and we have no hes-
itancy in holding that under the pleadings and the evi-
dence in this case the judgment rendered was author-

ized as to defendant Holmes and it will, therefore, be affirmed as to him. Defendant Ingraham filed only a general·denial and claimed no right to the possession of the property and as to him the judgment will be modified and judgment in his favor entered in this court for costs only. All concur.